Jacob J. Schwabtzwald, J.
By the instant motion, under subdivision 1 of rule 107 of the Buies of Civil Practice, to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter of the action, it appears that a matter of first impression has been presented to the court for determination.
In short, the court is called upon to determine if the Federal compensation statute, known as Longshoremen’s and Harbor Workers’ Compensation Act, bars a former employee from bringing a common-law action to recover damages from his former employer based upon the employer’s alleged fraudulent conspiracy with a physician to deprive the employee of his statutory rights under the act to obtain compensation and to obtain further medical aid for his injuries, which were sustained during the course of employment.
The motion to dismiss is being made by the Bethlehem Steel Co., the plaintiff’s former employer.
The facts recited in the complaint are brief. The plaintiff was injured in March, 1950 while in the course of his employment as a caulker. A claim for compensation was made under the Longshoremen’s and Harbor Workers’ Compensation Act (U. S. Code, tit. 33, § 901 et seq.). In April, 1952 the defendant employer and the codefendant willfully and maliciously conspired to deprive the plaintiff “ of his right to compensation.” The defendants deliberately proposed to mislead the Deputy Commissioner of Compensation so as to cause plaintiff to be denied further compensation. In pursuance of the conspiracy defendants submitted to the commissioner a false and fraudulent medical report, which had been prepared by the defendant physician, as to plaintiff’s physical condition. Submission of the false report was calculated to and did deprive plaintiff of his risrhts under the act.
*156 Jt is claimed that on the basis of the fraudulent report the plaintiff was denied a further hearing, was deprived of his rights to compensation under the act and was deprived of further medical attention which he sorely needed, all for which damages in the sum of $100,000 are claimed.
Defendant’s single contention on this application is that plaintiff’s only remedy lies within the provisions of the compensation act. Section 905 thereof provides that the liability imposed by law upon the employer shall be exclusive and in place of all other liability of the employer to the employee ‘£ to recover damages from such employer at law * * * on account of such injury ”. It is defendant’s position that to allow the present suit would be tantamount to permitting a collateral attack upon the findings of the Workmen’s Compensation Board.
The court does -not so construe the complaint. The tort charged against defendant employer occurred in April, 1952 when defendant wrongfully interfered with plaintiff’s right to be compensated for his injuries by causing a false report of plaintiff’s physical condition to be prepared and submitted to the commissioner with the sole purpose of defeating the plaintiff’s right to compensation.
The plaintiff does not sue for the iort which occurred in 1950 and which came within the purview of the Federal compensation act. He sues for the wrong which was inflicted upon him in 1952 “for the deprivation of the statutory right by a fraudulent device.” (Racanati v. Black Diamond Stevedoring Co., 132 N. J. L. 250.) He is entitled to recover such damages as proximately result from the fraud. (Kujek v. Goldman, 150 N. Y. 176.) Damages resulting from the loss of the right to compensation can reasonably “ be defined and ascertained. The mere difficulty of estimation of injury does not bar recovery.” (Racanati v. Black Diamond Stevedoring Co., supra, p. 253.)
While the same question of exclusiveness of jurisdiction as a bar to the action was also presented to the New Jersey Court of Errors and Appeals in the Bacanati case, the point, unfortunately, was not reached by the court.
The wrongful interference with and the resultant deprivation of plaintiff’s statutory rights constitute a willful tort against the plaintiff, separate and distinct from the original wrong. The injury sustained was the loss of the right to compensation. The damages flowing from the injury quite naturally will include, among other things, the value of the compensation plaintiff would have received under the statute.
*157 This being an injury willfully inflicted, and not “an accidental injury * * * arising out of and in the course of employment,” as specified in section 902 of the Federal compensation act, it must follow, and it is not otherwise contended, that plaintiff would not be entitled to obtain compensation therefor under the statute. The compensation law is exclusive only where it in fact provides a remedy. (Schwartz v. Queensboro Farm Prods., 191 Misc. 778.)
Furthermore, an employer is relieved of common-law liability by complying with the statute requiring coverage for disability from injuries arising out of and in the course of employment. As defined by the act ‘ ‘ The term £ injury ’ means accidental injury * * * arising out of and in the course of employment * * * or as naturally or unavoidably results from such accidental injury * (§ 902, subd. 2.) Since the tort was not covered by the compensation act, it could not be maintained that the compensation commission had exclusive jurisdiction thereof.
Generally, “ The Workmen’s Compensation Law deals not with intentional wrongs but only with accidental injuries.” (De Coigne v. Ludlum Steel Co., 251 App. Div. 662, 666.) Yet, there are situations when a willful tort may be an accident within the meaning of a compensation law, such as “ when the nature of the employment is such as naturally to invite an assault, or when the employee is exposed to an assault by the character of his work ”. (De Coigne v. Ludlum Steel Co., supra, p. 665.) Such injuries have been held compensable. But the employee is not barred from pursuing Ms right to resort to Ms common-law action for damages against the wrongdoer; for satisfaction of a willful wrong an injured employee is not relegated solely to relief under a Workmen’s Compensation Law (De Coigne v. Ludlum Steel Co., supra; Garcia v. Gusmack Restaurant Corp., 150 N. Y. S. 2d 232)_
_ An analogous situation, similar to the point under consideration in the present motion, was considered by the Federal Circuit Court of Appeals involving the Indiana Compensation Law. The court there sustained a judgment recovered by an employee against his employer for damages resulting from a deprivation of the employee’s rights under the Workmen’s Compensation Law, where an employee physician misrepresented to the employee the nature of the employee’s injury, thereby misleading the employee into not filing a claim for workmen’s compensation. (Woodburn v. Standard Forgings Corp., 112 F. 2d 271, Ann. 129 A. L. R. 337.) In that case the court found *158 that the employer breached a duty which he owed to the employee to protect the employee’s interests in respect to his claim for compensation.
The case of Young v. International Paper Co. (282 App. Div. 750), cited by defendant in support of its position, is not applicable. It is clearly distinguishable. In that case, the complaint charges negligence, malpractice, fraud and deceit, and breach of contract. It was the court’s opinion that the four causes of action of the complaint actually charged defendant with negligence in aggravating the original injuries. The complaint charged an alleged failure on the part of the employer to provide competent medical service and an alleged affirmative wrong in furnishing incompetent service. Such wrongs are embraced within the employer’s liability which are covered by workmen’s compensation. (Matter of Parchefsky v. Knoll Bros., 267 N. Y. 410.) And since it also appeared that the plaintiff had been paid compensation for the injuries sustained, the employer is not ‘ ‘ answerable in damages beyond the award for compensation for the malpractice ”. (Fernandez v. Gantz, 113 F. Supp. 763, 764 [decided under the Longshoremen’s and Harbor Workers’ Compensation Act].)
Before concluding, the court wishes to bring to defendant’s attention the fact that under the California Compensation Act “ Compensation for injuries caused by the serious and willful misconduct of the employer is expressly provided for ” and is covered. (Buttner v. American Bell Tel. Co., 41 Cal. App. 2d 581, 584.) Since the foregoing statutory provision differs from the Federal compensation act, it is obvious that the California cases could not be considered of much assistance in determining the issue of exclusivity of jurisdiction.
Motion denied. Submit order on notice.