■ CARMEN ALESSI, Respondent, v. E. I. DU PONT DE NEMOURS AND Co., INC., Appellant.— In an action by a former employee of the defendant to recover damages for breach of the terms of employment, the defendant appeals from an order of the County Court, Orange County, dated April 20, 1959, denying its motion for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. In our opinion, pursuant to the vacation plan for wage-roll employees, respondent, upon his discharge, was entitled to the remaining week of vacation pay, unless prior to the time he was scheduled to receive such pay he had been discharged "for cause". There is an issue of fact, among others, as to whether the discharge was for cause within the meaning of the vacation plan and the collective bargaining agreement made between the appellant and the labor union. In our opinion, the respondent has a right to sue his employer upon this claim and he was not relegated to an arbitration proceeding as contended by the appellant. The collective bargaining agreement did not, expressly or impliedly, incorporate by reference the vacation plan; nor did said agreement subject the vacation plan to the terms and provisions of the agreement. In addition, said agreement did not restrict the respondent to an arbitration proceeding in the enforcement of his claim based upon the vacation plan. Ughetta, Kleinfeld, Pette and Brennan, JJ., concur; Nolan, P. J., concurs in result.

■ CHARLES FLAMM, Respondent, v. BETHLEHEM STEEL COMPANY, Appellant, et al., Defendant.— In an action to recover damages for fraud, arising out of an alleged conspiracy between defendants whereby plaintiff was deprived of his rights to compensation under the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 981 *et seq.*), defendant Bethlehem Steel Company appeals from an order of the Supreme Court, Kings County, entered March 25, 1959, denying its motion to dismiss the complaint pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice on the ground that the court has no jurisdiction of the subject of the action. Order affirmed, with $10 costs and disbursements. No opinion. No question other than the one relating to the jurisdiction of the subject matter has been considered or decided. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur. [18 Misc 2d 154.]

■ ROGER FRACENTESE et al., Respondents, v. SPRAIN LAKE KNOLLS, INC., Appellant.— In an action to recover damages for breach of a contract to construct a house, defendant, the builder, appeals from a judgment of the City Court of Yonkers, entered May 14, 1959, after trial before the court without a jury, in favor of plaintiffs for $3,000, with interest and costs. It was claimed that an automobile could not be brought into the garage, an integral part of the house, because the grade of the driveway was too steep. There was testimony that proper regrading of the driveway would entail lifting the entire house and that the cost of such regrading would be more than the cost of constructing a new driveway and garage, which was estimated at $3,000. Judgment affirmed, with costs. (*Bellizzi* v. *Huntley Estates*, 3 N Y 2d 112; *Russ* v. *Lakeview Development*, 133 N. Y. S. 2d 641, 644.) Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.