Louise **GIBSON**

v.

**NATIONAL BEN FRANKLIN INSURANCE COMPANY and Underwriters Adjusting Company.**

Supreme Judicial Court of Maine.

June 1, 1978.

Reef & Mooers by Stephen A. Johnson (orally), Norman S. Reef, Portland, for plaintiff.

Hewes, Culley & Feehan by Richard D. Hewes (orally), Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Plaintiff-appellant, Louise Gibson, brought suit against her employer's workmen's compensation carrier and its Maine agent seeking damages that she claimed resulted from their withholding and refusing benefit payments, especially refusing to make prompt payment of medical expenses she had incurred. In 1971, Ms. Gibson had been injured physically and suffered emotional problems because of a work-related injury. The carrier had paid some benefits and medical expenses under a duly approved agreement. When it refused to provide further compensation and medical treatment, Ms. Gibson brought a tort action in three counts against the carrier and its agent alleging that, in violation of their duty to continue payment of benefits and medical expenses, they willfully refused to pay them and thereby caused her severe mental distress. The defendants moved to dismiss the complaint under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief can be granted. The trial court dismissed the complaint.

Count I of the complaint states that appellant was injured in the course of her employment in such a manner as to entitle her to benefits under appellee carrier's policy and that the carrier entered into an agreement with her in accordance with 39 M.R.S.A. § 51 to pay benefits on account of such injury; that appellees wrongfully withheld and refused to pay benefits, with the result that she was effectively prevented from obtaining necessary and critical medical care and treatment and became afflicted with severe emotional distress, aggravating her mental and physical condition. Count II adds a charge that defendants acted knowingly and maliciously for the purpose of gaining an advantage for

defendants to plaintiff's detriment. Count III of the amended complaint alleges that defendants acted with intent to cause such mental distress maliciously and as part of a calculated program of harassment, intimidation and delay in order to cause plaintiff to settle her claim to the detriment of the plaintiff and advantage of the defendants.

■ Appellant asserts a right to recover in tort.[1] The appellees' motion to dismiss was based explicitly on the ground that the Maine Workmen's Compensation Act provides exclusive remedies for the injuries appellant alleges she suffered. The appellees advance two arguments to support their assertion: first, that the Act makes remedies under the Act against the employer and carrier exclusive; second, that the provisions of the Act for enforcing claims, sections 91 to 109, and especially the penalty provision, section 104–A, establish the exclusive means for enforcing the duties of compensation carriers. Neither argument is persuasive. If the facts alleged in this complaint constitute tortious conduct—a question we do not decide but leave to the Superior Court, on remand, to determine in the first instance if required to do so—the Workmen's Compensation Act would not necessarily bar recovery on the theory of exclusivity of the Act relied upon by the appellees. The court erred in granting appellees' motion to dismiss on the grounds that appellees asserted.

■ With exceptions not here pertinent, the Maine Workmen's Compensation Act imposes liability upon employers for injuries suffered by employees arising out of and in the course of their employment and makes liability under the Act exclusive for injuries within its coverage. See 39 M.R.S.A. §§ 4, 28. From subsection (6) of 39 M.R.S.A. § 2, extending the definition of "employer" to include the employer's compensation carrier for most purposes, it must be inferred that the general immunity from common law suit provided by the workmen's compensation system is available to *the carrier* as well as to the actual employer. Thus, if appellant's complaint were a civil action for damages for injuries "arising out of and in the course of" her employment, the action would be barred by the Act.

On a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint in a light favorable to the plaintiff. Following that approach here, we may conclude that appellant alleges she had established a remedial right under the Act to benefits and reasonable medical expenses which the compensation carrier and its agent deliberately proceeded to withhold from her. On this view of the complaint, the case arises not out of appellant's original employment relationship but out of her relationship to the insurance carrier after her basic remedies as an injured employee had been settled through procedures provided by the Act. The severe mental distress she alleges as the injury resulting from appellees' actions was not an injury "arising out of the employment" within the meaning of the Act. Her complaint may be deemed to allege that appellant had pursued her remedies under the Act and that the appellees had willfully deprived her of the benefits she had become entitled to under an approved compensation agreement. The status she asserts is not that of employee seeking a remedy against her employer but of a compensation claimant with established remedial rights.

A number of cases suggest that it is correct to treat a claimant who has acquired remedial rights under a compensation act as having a status with respect to the compensation carrier different from that of an employee who has not acquired such rights, with the result that the immunity from suit normally afforded the carrier by employment compensation acts is not available. In *Martin v. Traveler's Ins. Co.,* 497 F.2d 329 (1st Cir. 1974), where the carrier without notice wrongfully stopped payment on a settlement check delivered to claimant under the Longshoremen's and Harbor Workers' Compensation Act, the

---

1. We take appellees to have conceded, at least for the sake of argument, that, in a proper case, the negligent or intentional infliction of severe mental distress may be tortious.

carrier's usual immunity from tort suit was held not available. In *Flamm v. Bethlehem Steel Co.,* 18 Misc.2d 154, 185 N.Y.S.2d 136 (Sup.Ct.1959), *aff'd,* 10 A.D.2d 881, 202 N.Y. S.2d 222 (1959), a New York trial court denied the usual immunity to a carrier accused of fraudulently conspiring with a doctor to deprive claimant of compensation under the Longshoremen's Act by submitting a false medical report to the commissioner. *See also Stafford v. Westchester Fire Ins. Co.,* 526 P.2d 37 (Alaska 1974) (bad faith); *Unruh v. Truck Insurance Exchange,* 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 (1972) (deceitful undercover activity).

In their second argument, appellees urge that the Act provides procedures to enforce payment of compensation claims and provides penalties for failing to pay claims and therefore that the purpose of the Act was to make those procedures the exclusive remedy for non-payment of claims. The Maine Workmen's Compensation Act creates procedures for determining and enforcing compensation claims. 39 M.R.S.A. §§ 91–109. If an employer or insurance carrier fails to pay benefits as required by an order of the commission or by an approved agreement, section 104–A provides for fines payable to the Treasurer of the State.

Although section 104-A provides for sanctions against a carrier for failure to make timely payments of compensation as required under the Act, we think it was not intended to exclude every other remedy in a case of intentional wrongdoing. One reason for our conclusion is the fact that the penalties provided for by section 104–A are payable to the State rather than the claimant. If appellant has a cause of action in tort against the carrier for intentionally terminating her benefits under an approved agreement, with consequent damage to her, she should have a remedy of her own. Section 19 of Article I of the Maine Constitution provides that every person, for an injury done him, "shall have remedy by due course of law." In view of that provision, legislation should not be deemed to preclude an injured person from having a remedy of his own for a recognized wrong in the absence of a clear manifestation of intent to that effect. Our conclusion in this matter accords with that of the Alaska Supreme Court in *Stafford v. Westchester Fire Ins. Co., supra,* where it was held that the provision for penalties in the Alaska act was not exclusive even though it required the penalty amounts to be added to the employee's benefits. Likewise rejecting the argument that the statutory penalty provisions are exclusive in a case of intentional wrongdoing is *Unruh v. Truck Insurance Exchange, supra.*

The entry is:

Appeal sustained.

Judgment dismissing the complaint is vacated with costs to the appellant.

Remanded for further proceedings not inconsistent with this opinion.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.