(Nos. 55811, 55837 cons.—

ELVIN L. ROBERTSON, Appellee, v. TRAVELERS INSURANCE COMPANY, Appellant.

*Opinion filed April 22, 1983.*

Donald M. Haskell and Mitchell A. Orpett (Haskell & Perrin, of Chicago, and Dunham, Boman & Leskera, of East St. Louis, of counsel), for appellant.

Listeman, Bandy & Hamilton, of Belleville (Charles E. Hamilton, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

In this case we decide whether a common law action seeking compensatory and punitive damages for allegedly outrageous conduct in the handling of a workmen's compensation claim can succeed where recovery was had on the underlying workmen's compensation action. We hold that it may not.

On June 25, 1971, the plaintiff in this action, Elvin L. Robertson, slipped and fell while at work as a carpenter for Kaskaskia Constructors, Inc. As a result of the accident he complained of pain in both knees and consulted with several doctors between the accident and the mid-

dle of 1973. Most of Robertson's medical expenses were paid by Travelers Insurance Company, Kaskaskia's insurance carrier and the defendant in this action. Travelers also sent Robertson a payment of temporary total disability benefits on March 22, 1972, which Robertson received on March 30, 1972. The law as it existed during 1972 and 1973 required claimants to file their claims for workmen's compensation within a year of the date on which they last received compensation benefits (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)(3)); in Robertson's case the limitations period was to expire on March 30, 1973.

Robertson worked sporadically during 1972 and 1973, and on March 14, 1973, he telephoned Thomas Walz, the Travelers' claim representative who had been handling his case, to inform him that he would soon enter a hospital for treatment and to inquire whether Travelers would pay the hospital bill. Walz told him that he could sign Travelers' name to the bill, and according to Walz' testimony in this action he also told Robertson that the claim was being handled by someone else and that that person would have to decide whether and how much Travelers would pay.

On March 16, 1973, Rodger Nelson, the Travelers representative then in charge of the claim, received a note from his supervisor stating a belief that Robertson's continuing symptoms were the result of a degenerative ailment rather than the accident at work. This memorandum advised Nelson to inform Robertson that Travelers would accept no further responsibility for the injury and made reference to the statute of limitations, which the supervisor mistakenly believed would expire on March 22 rather than on March 30. Nelson contacted Robertson on March 20 or 22 and asked to see him regarding the claim at Robertson's convenience. An appointment was made for March 26. On that day Nelson conducted an interview at Robertson's home, accompa-

nied by a court reporter. A transcript of their conversation reveals that Nelson did not mention the statute of limitations, apparently because he believed it had already expired, but asked if Robertson had filed a workmen's compensation claim or hired a lawyer. Robertson told him he had done neither but was considering hiring an attorney. On March 29 Nelson wrote Robertson a letter informing him that Travelers would not pay any further medical or compensation benefits. The letter did not mention the statute of limitations, although an internal memorandum written by Nelson a week later expressed his belief as well as that of his supervisor and a claims attorney for Travelers that because of the statute of limitations the insurance company was "home free." Robertson received Nelson's letter on April 2 and immediately hired an attorney, who filed a workmen's compensation claim that day.

Travelers defended the compensation claim on statute of limitations grounds. An arbitrator for the Industrial Commission ruled that the claim had not been timely filed and denied it. The Industrial Commission overruled the arbitrator's decision, concluding that Travelers' conduct estopped it to assert the statute of limitations, and entered an award for temporary disability and medical expenses incurred. The circuit court of St. Clair County confirmed the award, and this court affirmed in a divided opinion. (*Kaskaskia Constructors v. Industrial Com.* (1975), 61 Ill. 2d 532.) The mandate was issued November 21, 1975, and Travelers paid the judgment, with interest, shortly thereafter. In the meantime Robertson underwent surgery at least once in 1973, and did not work. He found it necessary to borrow money from relatives and from the volunteer fire department of which he was a member, and he sought and received public aid.

On March 28, 1975, while the workmen's compensation case was pending in this court, Robertson filed a

complaint against Travelers and Kaskaskia Constructors in the circuit court of St. Clair County seeking recovery for the tort of "outrage." The complaint alleged that Travelers' handling of his compensation claim was maliciously deceptive and resulted in severe emotional distress, as the financial strain to which he was subjected humiliated him and left him nervous and forgetful. The complaint was amended to include only Travelers as a defendant and did not go to trial until 1979. The jury found for Robertson, awarding him compensatory damages of $150,000 and punitive damages of $2 million. The appellate court affirmed the finding of liability but reversed the award of punitive damages and remanded for a new trial as to compensatory damages. (100 Ill. App. 3d 845.) Appeals by both parties followed and were consolidated by this court.

Travelers raised several threshold issues in a post-trial motion in the trial court concerning the propriety of bringing an action for severe emotional distress. One of its contentions was that section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(k)), which was in effect throughout this litigation, was intended to be the exclusive remedy for outrageous conduct by an employer or insurance company in the handling of a workmen's compensation claim. The trial court denied the motion after hearing argument from both parties. The appellate court ruled that section 19(k) did not preclude Robertson's action because that section permits recovery for any instance of unreasonable or vexatious delay in payment, conduct which need not involve any actual intent to harm plaintiff such as Robertson alleged.

The appellate court employed too narrow a standard in evaluating Travelers' exclusivity defense. Section 5(a) of the Workmen's Compensation Act, the general exclusivity provision, is broadly worded:

"Sec. 5(a). No common law or statutory right to recover damages from the employer [or] his insurer \*\*\* for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a).)

Against an employer or its insurer, it requires exclusive resort to the workmen's compensation remedy for any "injury" arising out of and in the course of the employment which is covered by a provision of the Act. (*Hindle v. Dillbeck* (1977), 68 Ill. 2d 309; *Chmelik v. Vana* (1964), 31 Ill. 2d 272; *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167.) Section 19(k) of the Act provides for the payment of penalties of 50% of the amount of compensation payable whenever "there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which \*\*\* are merely frivolous or for delay" (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(k)); this section, while applicable in cases of ordinary delay without justification (see, *e.g., Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 20; *Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1), is no less applicable to delay which is malicious. (See Webster's Third New International Dictionary 2548 (1971) ("vexatious" defined as "intended to harass").) A common law action should not, without other evidence of legislative intent, be held to survive the Act's exclusivity provisions merely because the remedy provided in the Act for the injury alleged applies to other kinds of injuries as well.

Professor Larson, in his treatise on workmen's compensation (2A A. Larson, Workmen's Compensation sec. 68.34(c) (1982)), notes two lines of cases bearing on

whether the exclusivity provisions of compensation statutes bar tort claims for intentional infliction of emotional distress. A majority of the jurisdictions that have considered the question have concluded that the tort action is barred. (*Sandoval v. Salt River Project Agricultural Improvement & Power District* (1977), 117 Ariz. 209, 571 P.2d 706; *Hixon v. State Compensation Fund* (1977), 115 Ariz. 392, 565 P.2d 898; *Everfield v. State Compensation Insurance Fund* (1981), 115 Cal. App. 3d 15, 171 Cal. Rptr. 164; *Sullivan v. Liberty Mutual Insurance Co.* (Fla. App. 1979), 367 So. 2d 658; *Young v. United States Fidelity & Guaranty Co.* (Mo. App. 1979), 588 S.W.2d 46; *Chavez v. Kennecott Copper Corp.* (10th Cir. 1977), 547 F.2d 541 (applying New Mexico law); *cf. Greenwalt v. Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, 128 N.E.2d 116 (tort alleged not specified, but probably intentional infliction of emotional distress); *Hicks v. Board of Education* (1979), 77 Ill. App. 3d 974, 978 (stating in *dictum* that section 19(k) of the Workmen's Compensation Act is the exclusive remedy for "malicious delay" of payment).) The rationale of these cases has typically been that the legislature, anticipating that bad faith in delaying payment of benefits would occur on occasion, provided a "quick, simple and readily accessible method" of resolving disputes over such payments without "the proof and defenses incident [to a common law action], the intolerable delay in resolution of a lawsuit, economic waste to all and expense to the worker" (*Everfield v. State Compensation Insurance Fund* (1981), 115 Cal. App. 3d 15, 20, 171 Cal. Rptr. 164, 166) or the spectre of "multiple jurisdictions being engaged in the resolution of the same basic questions with the possibility of conflicting results" (*Sandoval v. Salt River Project Agricultural Improvement & Power District* (1977), 117 Ariz. 209, 214, 571 P.2d 706, 711). The minority view that a common law action may be brought (*Stafford v. Westchester Fire Insurance Co.* (Alaska 1974), 526 P.2d 37; *Gibson v. National*

*Ben Franklin Insurance Co.* (Me. 1978), 387 A.2d 220; *Flamm v. Bethlehem Steel Co.* (1959), 18 Misc. 2d 154, 185 N.Y.S.2d 136, *aff'd mem.* (1960), 10 A.D.2d 881, 202 N.Y.S.2d 222 (conspiracy); *Coleman v. American Universal Insurance Co.* (1979), 86 Wis. 2d 615, 273 N.W.2d 220; *Martin v. Travelers Insurance Co.* (1st Cir. 1974), 497 F.2d 329 (applying Federal law concerning the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. sec. 901 *et seq.* (1976))) advances the idea that the injury complained of in an action for intentional infliction of emotional distress is not covered by the workmen's compensation remedy because it does not arise "in the course of" the employment (*Martin v. Travelers Insurance Co.* (1st Cir. 1974), 497 F.2d 329, 330-31), because it was intended rather than "accidental" (*Flamm v. Bethlehem Steel Co.* (1959), 18 Misc. 2d 154, 157, 185 N.Y.S.2d 136, 138, *aff'd mem.* (1960), 10 A.D.2d 881, 202 N.Y.S.2d 222), or because the penalty sections of the compensation act, unlike the tort, do not allow recovery when the defendant relies on responsible medical testimony in delaying payment (*Stafford v. Westchester Fire Insurance Co.* (Alaska 1974), 526 P.2d 37, 42). Other cases have allowed plaintiffs to circumvent the workmen's compensation remedy where the defendant's conduct went far beyond the bounds of mere delay and the emotional distress for which relief was sought arose from the atrocious nature of the conduct itself rather than from any delay in payment which resulted. *Unruh v. Truck Insurance Exchange* (1972), 7 Cal. 3d 616, 498 P.2d 1063, 102 Cal. Rptr. 815 (insurance company's investigators kept plaintiff under surveillance and exhibited films of her in workmen's compensation hearing, thereby causing emotional upset).

We believe that the majority view correctly states the law of Illinois. While it is true that the intentional activity charged by Robertson was not accidental and did not arise in the course of the employment relationship, we note that

the remedy provided by section 19(k) does not require that the unreasonable or vexatious delay in payment be "accidental" or arise "in the course of" the employment as long as the original injury surmounts those hurdles. Nor is section 19(k) limited on its face to instances of delay in payment not justified by medical opinion, so that no request for penalties can succeed where delay may be justified but the tactics employed for the purpose of delay are outrageous. While section 19(k) does not speak of delay in general terms, its scope is not limited to "unreasonable" delay; it provides penalties for "unreasonable *or vexatious* delay." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 48, par. 138.19(k).

We express no views as to whether a plaintiff in a case such as *Unruh* may claim in tort for emotional distress resulting from outrageous activity apart from delay. However, the instant case presents no such claim. Robertson's alleged injury consists of individual harms each of which is attributable to his inability to work and his failure to secure medical and compensation benefits in timely fashion. The essence of his claim is vexatious delay, evidenced by unorthodox and perhaps even outrageous conduct by Travelers which *in itself*, apart from the delay it caused, resulted in no harm to Robertson. "The overriding purpose of the [Workmen's Compensation] Act, especially as expressed through its penalty sections, is to compensate claimants as early and as thoroughly as possible for income lost due to job-related injuries" (*Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 14); the legislature must have contemplated in enacting section 19(k) of the Act that, when payments are delayed, psychological harm might result as well as financial harm. We note in this regard that since this action was filed in the circuit court, the legislature has amplified the remedy available to victims of wrongful delay, so that it may include not only a penalty of 50% of the compensation award but also a pen-

alty of $10 for each day of delay (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(*l*)) and an award of attorney fees (Ill. Rev. Stat. 1975, ch. 48, par. 138.16). Inasmuch as Robertson was allowed to present his compensation claim to the Industrial Commission and voluntarily chose to do so, he had an opportunity to seek whatever statutory penalties were available to him and cannot seek his remedy for delay in an action at common law. To permit such a course would invite the indefinite prolonging of litigation and risk double recoveries and inconsistent findings of fact, a result which the legislature, in enacting a system of compensation in place of common law remedies, certainly wished to avoid. See *Rhodes v. Industrial Com.* (1982), 92 Ill. 2d 467; *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 240-41.

Robertson argues that inasmuch as the instant case was tried before a jury it was incumbent upon Travelers to plead and prove the statutory bar of the Workmen's Compensation Act (*Milton v. Illinois Bell Telephone Co.* (1981), 101 Ill. App. 3d 75), and its failure to do so could not be cured by raising the issue in the trial court in a post-trial motion as Travelers did. Although we do not dispute the general rule that a defense resting on the exclusivity provision of the Act is affirmative in nature, we do not believe Travelers' omission was fatal in this case. This court has held the failure to plead and prove such a defense decisive only where there was a factual question as to whether the injury alleged arose out of and in the course of the work, so that a verdict for the defendant despite failure to prove coverage was an impermissible shifting of the burden of proof. (*Victor v. Dehmlow* (1950), 405 Ill. 249; *Mueller v. Elm Park Hotel Co.* (1945), 391 Ill. 391; *O'Brien v. Chicago City Ry. Co.* (1922), 305 Ill. 244.) In this case the necessary factual allegations concerning Travelers' intent to delay payment appear in the record or were advanced by Robertson himself at trial, and the underlying injury was the subject of a proceeding which led to a workmen's com-

pensation recovery. The question of whether Robertson's emotional distress was covered by the Workmen's Compensation Act was therefore purely a legal one, and no purpose would have been served by requiring its pleading before the jury as long as it came to the attention of the trial judge and Robertson was given a chance to respond. (See *Blackhawk Hotel Associates v. Kaufman* (1981), 85 Ill. 2d 59, 67; *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 384; *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313.) The trial court had the discretion to entertain the issue in a post-trial motion, and it was thus properly before the appellate court (100 Ill. App. 3d 845, 849-50) and this court.

For the foregoing reasons, we believe that Robertson was foreclosed from bringing an action for the tort of outrage. We reverse the judgment of the appellate court and remand the cause to the circuit court with instructions to vacate its judgment and dismiss the action.

*Judgment reversed;*
*cause remanded,*
*with directions.*