George **ANDERSON** and Shirley Anderson, Plaintiffs,

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant.**

Civ. No. 84–3188.

United States District Court, S.D. Illinois, East St. Louis Division.

Oct. 9, 1984.

Charles H. Stegmeyer, Kenneth Juen, Stegmeyer & Stegmeyer, Belleville, Ill., for plaintiffs.

Michael J. Nester, Donovan, Hatch & Constance, P.C., Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Reconsider (Document No. 13) the Court's Memorandum and Order of August 21, 1984, in which the Court denied defendant's Motion to Dismiss Count 5 of plaintiff's Complaint. Count 5 alleges that the defendant insurer is liable for the tort of intentional infliction of emotional distress. In support of its Motion to Dismiss, the defendant argued that Ill.Ann.Stat. ch. 73, § 767 (Smith-Hurd Supp.1984–5), preempted any common law tort of outrageous conduct by an insurer who refuses to or delays in paying a claim. In its earlier Order, the Court, relying on *Eckenrode v. Life of America Insurance Co.*, 470 F.2d 1 (7th Cir.1972), held that Illinois recognizes the tort of intentional infliction of emotional distress in a situation where an insurance carrier is guilty of extreme and outrageous conduct in failing to pay a claim, and that Count 5, liberally construed, alleged outrageous conduct on the part of the defendant. The defendant now asks the Court to reconsider its earlier ruling in light of the recent case of *Robertson v. Travelers Insurance Co.*, 95 Ill.2d 441, 69 Ill.Dec. 954, 448 N.E.2d 866 (1983), where the Illinois Supreme Court held that the provisions of the Illinois Workmen's Compensation statute bar tort claims for intentional infliction of emotional distress which result from the outrageous conduct in delaying the payment of a claim. After careful consideration, the Court agrees with the defendant that the rationale expressed in *Robertson* is equally applicable to the instant case.

Section 19(k) of the Workmen's Compensation Act provides for the payment of penalties of 50% of the amount of compensation payable whenever "there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation or proceedings have been in-

stituted or carried on by one liable to pay the compensation, which ... are merely frivolous or for delay." Ill.Ann.Stat. ch. 48, § 138.19(k) (Smith-Hurd Supp.1984–5). Section 5(a) of the same Act, the general exclusivity provision, states:

No common law or statutory right to recovery damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.

Ill.Ann.Stat. ch. 48, § 138.5(a) (Smith-Hurd Supp.1984–5).

In *Robertson*, the Illinois Supreme Court held that these provisions preempt the tort of any intentional infliction of emotional distress resulting from an outrageous delay in the payment of the claim. The court reasoned that the legislation, anticipating that bad faith in delaying payments of benefits would occur on occasion, provided a quick, simple, and readily assessable method of resolving disputes over such payments by way of section 19(k). 448 N.E.2d at 871. Further, the court held that the term "vexatious" encompassed both ordinary delay and malicious delay thereby precluding any common law tort based on malicious delay. *Id.* at 869.

 Similarly, section 767 of the Illinois Insurance Code states in pertinent part that if an insurer vexatiously or unreasonably delays in settling a claim the court may allow as taxable costs attorney's fees plus an amount not to exceed twenty-five percent of the amount the insured is entitled to recover, $5,000, or the excess of the amount the insurer offered in settlement of the claim. Ill.Ann.Stat. ch. 73, § 767 (Smith-Hurd Supp.1984–5). The Court holds that the terms "vexatious and unrea-

sonable" used in section 767 also encompasses ordinary delay as well as malicious delay. Therefore, section 767 preempts the tort of intentional infliction of emotional distress resulting from an insurer's outrageous delay in settling a claim. However, like the court in *Robertson*, this Court expresses no view as to whether a plaintiff may claim in tort for emotional distress resulting from outrageous activity apart from delay.

In the instant case, the essence of plaintiff's claim in Count 5 is vexatious delay in the payment of the claim. The Illinois legislature has, in section 767, provided the plaintiff with a statutory remedy in such a situation. Therefore, section 767 preempts any tort for outrageous delay.

Accordingly, defendant's Motion to Reconsider is hereby GRANTED and Count 5 of the plaintiff's Complaint is hereby DISMISSED.

IT IS SO ORDERED.