**CHARTRAND EQUIPMENT COMPANY, an Illinois Corporation, William Chartrand and Katheryn Chartrand, Plaintiffs,**

v.

**ADMIRAL INSURANCE COMPANY, a foreign insurance company, doing business in the State of Illinois, Defendant.**

Civ. No. 84–3012.

United States District Court, S.D. Illinois.

May 24, 1985.

William A. Schmitt, Pope & Driemeyer, Belleville, Ill., for plaintiffs.

Fritz G. Gaerber, Lucas & Murphy, P.C., Alton, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Dismiss Count III of the amended complaint (Document No. 43). Plaintiffs brought this action seeking a declaratory judgment with respect to certain policies of liability insurance issued by the defendant to Chartrand Equipment Company. Chartrand's amended complaint seeks a declaration in Count I that the defendant had and has a duty to fully defend and indemnify Chartrand with respect to a lawsuit filed in Marion County, Illinois. Count II seeks attorney's fees, costs, and exemplary damages for vexatious delay pursuant to Ill. Rev.Stat. ch. 73, § 767 (1983). The defendant has counterclaimed seeking a declaration that it has no duty to defend or indemnify Chartrand with respect to a suit in Oklahoma.

The plaintiffs have now added Count III to their amended complaint alleging that the defendant breach its duty of good faith and fair dealing and intentionally inflicted emotional distress on the plaintiffs by increasing the premiums for the liability policy from $3,400 a year to $25,000 a year and notifying the plaintiffs of the increase after expiration of their then present policy. The defendant contends that Illinois does not recognize an independent tort for the breach of good faith and fair dealing or intentional infliction of emotional distress in the insurance context.

In *Ellis v. Metropolitan Property and Liability Insurance Co.*, 600 F.Supp. 1 (S.D.Ill.1982), this Court held that Illinois law would not recognize an independent tort action for a insurer's breach of a duty of good faith and fair dealing. The Court reasoned that Ill.Rev.Stat. ch. 73, § 767 preempted an independent tort where the insurer's breach was a result of unjustified delay or refusal in paying a claim. Extending this analysis, this Court in *Anderson v. Mutual of Omaha Insurance Co.*, 594 F.Supp. 726 (S.D.Ill.1984), held that § 767 preempted the tort of intentional infliction of emotional distress resulting from an insurer's outrageous delay in settling a claim. However, the Court limited the decision by stating that it expressed no view as to whether a plaintiff may claim in tort for emotional distress resulting from outrageous activity apart from delay. *Id.* at 728.

This case presents such a question. Unlike the two situations above, the plaintiffs

herein have no statutory remedy for the unreasonable increase in the premiums without adequate notice. Therefore, it is clear that § 767 does not preempt the remedy the plaintiffs seek. However, this does not end the Court's inquiry. Reading the complaint in the light most favorable to the plaintiffs, as this Court must, it appears as if they are alleging that the defendant committed a tort when it increased the premiums without notice after expiration of the policy. Although not perfectly clear, the plaintiffs seemed to be labeling the tort both a breach of the defendant's duty of good faith and fair dealing and intentional infliction of emotional distress.

■ Every contract imposes upon each party a duty of good faith and fair dealing. Restatement (Second) of Contracts § 205 (1979). Like any other duty imposed by the contract, when this duty is breached the non-breaching party has a cause of action on the contract. However, violation of this duty *may* also give rise to a tort action in addition to a breach of contract action. See *Morgan v. American Family Life Assurance Co. of Columbus*, 559 F.Supp. 477 (W.D.Va.1983); *Ledingham v. Blue Cross Plan For Hospital Care*, ETC., 29 Ill. App.3d 339, 330 N.E.2d 540, 546 (1975). When the conduct of the defendant raises to the level to support a tort action the courts have either resorted to the tort of intentional infliction of emotional distress or have stated that a violation of the duty of good faith and fair dealing "sounds in tort." *Ledingham*, 330 N.E.2d at 546; *Eckenrode v. Life Of American Insurance Co.*, 470 F.2d 1 (7th Cir.1972). Under either theory, the allegations in Count III failed to state a claim for relief.

■ The essential elements of a cause of action for intentional infliction of emotional distress are (1) extreme and outrageous conduct, (2) severe emotional distress, and (3) conduct from which the defendant knows severe distress is certain or substantially certain to flow. *Public Fi-*

*nance Corp. v. Davis*, 66 Ill.2d 85, 89–90, 4 Ill.Dec. 652, 654, 360 N.E.2d 765, 767 (1976). Due to the inability to precisely calculate the severity of emotional distress the courts have focused on the first element. There are two distinct variants of outrageous conduct, which when alleged, would support the tort. The first variant has been described as conduct so outrageous, even when viewed in the abstract, that a finding of severe emotional distress is entirely reasonable, not merely conjectural. *Geist v. Martin*, 675 F.2d 859, 864 (7th Cir.1982) (Eschbach, J. concurring in part and dissenting in part). The second variant involves a situation in which the "defendant had prior knowledge that the victim was particularly vulnerable to the challenged conduct." *Id.* Applying this standard, it is clear that the plaintiffs have failed to allege that the defendant's conduct was sufficiently outrageous. Viewed in the abstract, the plaintiffs' allegation that the defendant unreasonably increased the premiums after their present policy had expired surely does not amount to outrageous conduct as that term is used above. Nor is there any indication that special circumstances rendered the plaintiff particularly vulnerable to the challenged conduct. Further, the plaintiffs have failed to allege any objective manifestations of emotional distress. Therefore, the Court holds as a matter of law that the plaintiffs have failed to state a claim for relief under the intentional infliction of emotional distress theory.

■ With respect to the tort of breach of the duty of good faith and fair dealing, the Court is of the opinion that Illinois would not recognize the tort in this context. Initially, the Court emphasizes that the duty of good faith and fair dealing is a contractual duty. Courts have been willing to raise a breach of this duty to the level of tort in limited circumstances. An examination of these circumstances in the insurance context indicates that a tort will be recognized only where the insurer takes

advantage of a certain vulnerability of the insured, as when the insurer maliciously threatens to withhold payments, or actually withholds payments, or when the insurer who undertakes a defense unjustifiably refuses to settle within the policy limits. See *Ledingham* (and cases cited therein). In each case the insured is at the mercy of the insurer.

Here, however, the defendant's increase in the premiums after the expiration of the current policy did not take advantage of a certain vulnerability of the plaintiffs. While increasing the premiums without notice or after expiration of the policy may have been an unfair tactical maneuver on the part of the defendant to get the plaintiffs to cancel the policy, the plaintiffs were free to obtain coverage from another insurer. The actions of the defendant may have breached a provision of the agreement and may have breached the insurer's duty of good faith and fair dealing, but the Court is unwilling to say that they may have also formed the basis of a tort action. Unlike the two situations above, the plaintiffs were placed in no more of a vulnerable position than any other non-breaching party who must make adjustments and arrangements to compensate for the other party's breach.

Accordingly, the defendant's Motion to dismiss Count III of the amended complaint (Document No. 43) is hereby GRANTED. Count III of the amended complaint is hereby DISMISSED.

IT IS SO ORDERED.