DENNIS ECHELBARGER, Plaintiff-Appellant, v. DIXON PUBLISHING COMPANY, a/k/a Dixonweb Printing Company, *et al.*, Defendants-Appellees.

Second District No. 2—91—0374

Opinion filed November 22, 1991.—Rehearing denied December 20, 1991.

Stephen G. Terrando, of La Salle, for appellant.

Richard A. Palmer, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellee Dixon Publishing Co.

John A. Sandberg, of Thomas & Hinshaw, Culbertson, of Rockford, and D. Kendall Griffith and Stephen R. Swofford, both of Hinshaw & Culbertson, of Chicago, for appellee Martin Boyer Company.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Dennis Echelbarger, appeals the judgment of the circuit court of Lee County dismissing his first amended complaint. The court held that plaintiff's cause of action was barred by the exclusive remedy provision of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). Plaintiff argues in this appeal

that the Act does not foreclose a common-law cause of action. We affirm.

Count I of plaintiff's first amended complaint alleged that he was employed by defendant Dixon Publishing Company, d/b/a Dixonweb Printing Co. (Dixonweb). On May 15, 1985, plaintiff suffered a work-related injury which resulted in the filing of a worker's compensation claim. The claim was disposed of in 1988.

Plaintiff further alleged that Dixonweb "[r]epeatedly, and as a pattern of conduct" withheld or delayed numerous payments, which conduct caused plaintiff to suffer "mental anguish, physical trauma, loss of services essential for sustaining normal family life, and other traumas." This "outrageous delay" forced plaintiff to settle his claim "for far less than it was worth."

Count II of the complaint was against codefendant Martin Boyer Company (Boyer). Count II repeated the substantive allegations of count I. Count II further alleged Boyer was a service company which administered workers' compensation claims on behalf of Dixonweb and that Boyer "independently or in concert with" Dixonweb withheld or delayed plaintiff's payments.

Both defendants filed motions to dismiss in which they contended, among other things, that plaintiff's exclusive remedy was under the Workers' Compensation Act and thus his cause of action was barred. The court granted the motions, holding that section 19(k) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k)) is the exclusive remedy for unreasonable delay in making workers' compensation payments.

In reviewing the dismissal of a complaint, we must accept as true all properly pleaded facts, and a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. *People ex rel. Daley v. Datacom Systems Corp.* (1991), 146 Ill. 2d 1, 11.

■ In dismissing plaintiff's complaint, the trial court relied on *Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441. In *Robertson* the supreme court held that section 19(k) is the exclusive remedy for a plaintiff whose damages arise solely from unreasonable or vexatious delay in payment. Section 19(k) provides:

> "In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation *** then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k).

In his one-page argument, plaintiff contends that *Robertson* does not foreclose every conceivable cause of action by an injured employee against his employer. Rather, it only bars causes of action for conduct which is not alleged to have caused any harm other than the delay itself. Plaintiff contends that his complaint alleged "far more than merely vexatious delay," specifically, actual harm to plaintiff and the diminution in value of his claim.

The holding in *Robertson* is not nearly so narrow as plaintiff would have it. Like plaintiff in the instant case, Robertson also sought consequential damages for "severe emotional distress" as well as financial strain. Moreover, contrary to plaintiff's contention, the only issue specifically left open by the *Robertson* court was whether an independent cause of action might exist for outrageous conduct which goes beyond mere delay in payment. As an example of such conduct, the court cited *Unruh v. Truck Insurance Exchange* (1972), 7 Cal. 3d 616, 498 P.2d 1063, 102 Cal. Rptr. 815. In that case, one of the insurer's investigators pretended to befriend plaintiff, to the point where the two began dating, while a second investigator secretly took films of plaintiff. These films were shown at the administrative hearing. 7 Cal. 3d at 620-21, 498 P.2d at 1066-67, 102 Cal. Rptr. at 818-19.

■ We need not decide the issue allegedly left open by the supreme court in *Robertson*. Here, as in that case, plaintiff does not allege any outrageous *conduct* by defendants other than withholding the payments. That different *results* may have flowed from that conduct is not the significant issue, although we have already noted that in *Robertson*, as in the instant case, plaintiff alleged emotional as well as financial damages. Ultimately, plaintiff seeks damages solely for defendant's vexatious delay in payment. His exclusive remedy is section 19(k), and he has failed to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.