565 P.2d 898

**John R. HIXON, Appellant,**

v.

**The STATE COMPENSATION FUND of Arizona, George B. Morse and Jeannette Sechrist, in their official capacities, Appellees.**

**No. 2 CA–CIV 2284.**

Court of Appeals of Arizona, Division 2.

March 22, 1977.

Rehearing Denied April 27, 1977.

Review Denied May 24, 1977.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for appellant.

Everett, Bury & Moeller, P. C. by Leonard Everett, Tucson, for appellees.

RICHMOND, Judge.

This is an appeal from dismissal of a complaint alleging intentional infliction of mental and emotional distress by two State Compensation Fund employees in conspiring to terminate improperly appellant's workmen's compensation benefits. We affirm. The court lacked jurisdiction to review the termination of benefits, and the complaint failed to state a claim for intentional infliction of mental and emotional distress upon which relief could be granted.

The complaint alleged that appellant's benefits were wrongfully terminated when the State Compensation Fund issued a notice of claim status to that effect without the medical evidence for termination required by the Arizona Workmen's Compensation Act and the rules of procedure before the Industrial Commission. If so, his remedy lay in filing a request for a hearing pursuant to A.R.S. §§ 23–941(A) and 23–947 in order to invoke the jurisdiction of the Industrial Commission for the purpose of resolving the controversy. *McMurray v. Industrial Commission*, 25 Ariz.App. 614, 545 P.2d 462 (1976). The Industrial Commission has exclusive jurisdiction, subject to appellate review, to determine all questions of fact and law involved in claims for compensation under the Act. *Industrial Commission v. Superior Court*, 5 Ariz.App. 100, 423 P.2d 375 (1967).

The complaint alleged further:

V

That the defendants, Morse and Sechrist, did conspire to improperly terminate the said benefits all in violation of A.R.S. § 23–1021, 1961, (sic) 1062, and Rule 18 of the Rules of Procedure Before the Industrial Commission of Arizona.

VI

That said conduct of the above mentioned defendants, Morse and Sechrist, was an intentional infliction of mental and emotional distress as a direct and proximate result of which the plaintiff has sustained severe and grievous injuries.

The bare allegation that the State Compensation Fund employees' conduct was an intentional infliction of mental and emotional distress fails to state a claim for relief. While Arizona recognizes the tort of

intentional infliction of emotional distress, an essential element thereof is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Cluff v. Farmers Insurance Exchange*, 10 Ariz.App. 560, 460 P.2d 666 (1969); *Bendalin v. Valley National Bank of Arizona*, 24 Ariz.App. 575, 540 P.2d 194 (1975). The alleged issuance of a defective notice of claim status terminating benefits does not amount to the extreme or outrageous conduct required to state a claim for relief. See *Cluff v. Farmers Insurance Exchange*, supra.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.