586 P.2d 201

**John R. HIXON, Appellant,**

**v.**

**George B. MORSE and Jeanette Sechrist, not Individually, but in their official capacities, and the State Compensation Fund of Arizona, Appellees.**

**No. 2 CA–CIV 2837.**

Court of Appeals of Arizona, Division 2.

July 5, 1978.

Rehearing Denied Sept. 5, 1978.

Review Denied Oct. 5, 1978.

Rabinovitz, Dix & Sands by Bernard I. Rabinovitz and Charles G. Rehling, Tucson, for appellant.

Everett, Bury & Moeller, P. C. by Leonard Everett and Marshall Humphrey III, Tucson, for appellees.

## OPINION

RICHMOND, Chief Judge.

This case is a sequel to *Hixon v. State Compensation Fund*, 115 Ariz. 392, 565 P.2d 898 (App.1977), in which this court affirmed dismissal of appellant's complaint. After holding that the superior court lacked jurisdiction to review termination of appellant's workmen's compensation benefits, we addressed appellant's characterization in the complaint of an alleged conspiracy by two state compensation fund employees to terminate his benefits improperly:

"The bare allegation that the State Compensation Fund employees' conduct was an intentional infliction of mental and emotional distress fails to state a claim for relief. While Arizona recognizes the tort of intentional infliction of emotional distress, an essential element thereof is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. [Citations omitted.] The alleged issuance of a defective notice of claim status terminating benefits does not amount to the extreme or outrageous conduct required to state a claim for relief." 115 Ariz. at 393, 565 P.2d at 899.

Appellant thereafter commenced another action, embellishing his earlier complaint with allegations that the purpose of the employees' conspiracy "was to intentionally, maliciously, and wantonly cause [appellant], a totally disabled workman with a psychiatric disability, to be left without medical and psychiatric treatment and without a means to sustain his life," and that the employees' conduct "was so extreme and outrageous and beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized community."

Subsequently, appellees' motion for summary judgment was granted on the ground that appellant's claim was barred as *res judicata*. We agree.

Regardless of the additional allegations, appellant's claim arises solely from the termination of his workmen's compensation benefits by an administrative decision, for which the exclusive remedy for review lay with the Industrial Commission of Arizona. *Sandoval v. Salt River Project*, 117 Ariz. 209, 571 P.2d 706 (App.1977). As such, it is barred by the judgment of dis-

missal on the identical underlying facts in the previous case.

Any implication from this court's previous opinion that a claim for relief for intentional infliction of emotional distress might arise solely from the wrongful deprivation of workmen's compensation benefits is hereby disavowed in favor of the explicit holding in *Sandoval,* supra.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.