706 P.2d 759

**Heard STILL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**D & M Masonry, Respondent Employer,**

**Fidelity & Casualty Company of New York, Respondent Carrier.**

**No. 1 CA–IC 3288.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 17, 1985.

Van Baalen Law Offices by Lawrence P. Nicholls, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Judge.

In this special action review of an Industrial Commission award, we are asked to decide whether the Commission was correct in finding that it does not have jurisdiction to impose sanctions or assess penalties against an insurance carrier for the tort of bad faith.

The facts are not in dispute. On November 19, 1970, the claimant, Heard Still, sustained an industrially related injury to both of his legs. His claim for benefits was accepted. On February 21, 1974, his claim was closed with a finding of a 25% permanent impairment of the right lower extremity. Claimant filed a petition to reopen on December 16, 1982, which was denied by the carrier by notice of claim status issued on January 14, 1983. The claimant then filed a timely protest and request for rehearing. Hearings were held, and on September 12, 1983, the Commission issued its decision granting reopening. After resolv-

ing a conflict in the medical testimony in favor of the claimant, the Commission found that the claimant was entitled to continuing medical treatment until his condition became stationary. Claimant was awarded benefits and reimbursement of expenses from December 16, 1982 (the date he filed the petition to reopen).

Less than a month later, the carrier sent a letter to the claimant requiring him to submit to an additional medical examination by a group of doctors selected by the carrier. The claimant appeared for the examination two weeks later. Based upon the report issued by the examining doctors, the carrier terminated benefits as of October 19, 1983 (the date of the exam) by notice of claim status dated November 8, 1983. The basis for the termination was the carrier's determination that the claimant's condition was stationary and that he required no further active medical treatment.

Up to this point, the carrier had not paid any benefits to the claimant, notwithstanding the fact that the Industrial Commission had determined in its September 12, 1983, award that the claimant was entitled to benefits and reimbursement of expenses from December 16, 1982. The claimant's attorney wrote to the Commission on November 10, 1983, requesting an investigation of the carrier pursuant to A.R.S. § 23–1061(J). The carrier paid claimant his benefits almost immediately thereafter.

The claimant filed a timely protest and request for a hearing regarding the carrier's termination of benefits. The claimant also requested the Commission to assess damages against the carrier for bad faith, arguing that the carrier's termination of benefits constituted a breach of the carrier's duty to deal fairly and in good faith with its insureds.

Hearings were held on April 25 and June 25, 1984. On July 25, 1984, the Commission issued its decision finding that the claimant was entitled to additional medical, surgical and hospital expenses, as well as to additional compensation benefits for temporary total or temporary partial dis-

ability. However, the Commission declined to impose sanctions or to assess penalties against the carrier for bad faith stating that it was without jurisdiction to do so. The award was affirmed on administrative review and this special action followed.

On review the sole claim of error by the claimant goes to the Commission's ruling that it had no jurisdiction to impose sanctions or assess penalties against an insurance carrier for bad faith.

In arguing that such jurisdiction exists, the claimant reasons as follows: Arizona recognizes the tort of bad faith when an insurance company breaches its duty of good faith and fair dealing to its insureds. *Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 624 P.2d 866 (1981); *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). Prior case law has established that the superior court does not have jurisdiction to consider tort claims between an employee and either his self-insured employer or the insurance carrier regarding the administration and processing of workers' compensation claims; rather, claims of this nature are exclusively within the jurisdiction of the Industrial Commission. *Sandoval v. Salt River Project, etc.*, 117 Ariz. 209, 571 P.2d 706 (App.1977); *Hixon v. Morse*, 120 Ariz. 356, 586 P.2d 201 (App.1978). Therefore, the claimant concludes, the Industrial Commission impliedly must have the authority to assess damages for bad faith, or else the carrier is free to breach its duty of good faith and fair dealing with impunity and the employee has no remedy to redress this wrong. We must disagree.

■■■ The Industrial Commission may enter only those awards provided for in the Workers' Compensation Act. *West Chandler Farms Co. v. Indus. Comm.*, 64 Ariz. 383, 173 P.2d 84 (1946); *Sims v. Moeur*, 41 Ariz. 486, 19 P.2d 679 (1933). Pursuant to A.R.S. § 23–1022(A), the exclusive remedy under the Act for employees against an employer's workers' compensation insurance carrier is to recover compensation and benefits as provided for in the Act. There

is no statutory provision which permits an award of damages for bad faith, thus, the Commission was correct in holding that it could not assess penalties or impose sanctions against the carrier for bad faith.

Claimant's argument that the Commission should have the authority to penalize carriers for bad faith is best addressed to the legislature, as rights and remedies under the workers' compensation laws are completely statutory. *See Sandoval v. Salt River Project, etc., supra.*

 We note that contrary to claimant's assertion that an employee is without any avenue of relief for the wrongful withholding of benefits by a carrier, there is a remedy under A.R.S. § 23–1061(J). Pursuant to that statute, the Commission is authorized to investigate any claim by an employee that he or she has been wrongfully deprived of benefits. If the carrier then refuses to pay a claim as ordered by the Commission, the claim will be assigned to the state compensation fund, which will pay the amounts due. A.R.S. § 23–966(A). Thus, the claimant will receive the benefits to which he or she is entitled.

Award affirmed.

KLEINSCHMIDT and OGG, JJ., concur.