**Daniel R. DeNARDO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. S–1260.**

Supreme Court of Alaska.

July 31, 1987.

Rehearing Denied Aug. 26, 1987.

---

Daniel R. DeNardo, Anchorage, pro se.

Marc W. June, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Daniel DeNardo appeals from the superior court's dismissal of his complaint with prejudice. The superior court grounded its dismissal on the doctrine of res judicata. We affirm.

## I. BACKGROUND.

The State of Alaska terminated Daniel DeNardo's employment in 1978 at the request of the Alaska Public Employees Association (APEA). The collective bargaining agreement between APEA and the state then in effect for general government employees required the state to terminate any such employee who failed to comply with the agency shop provisions of the agreement upon APEA's request for termination. APEA requested DeNardo's termination based on his alleged failure to pay the APEA dues or agency fees he owed under the terms of the agreement.

In July 1978, DeNardo filed unfair labor practice charges against APEA with the state Labor Relations Agency. Subsequent to a hearing held in October 1978, the agency issued a decision on January 8, 1979, finding DeNardo delinquent in his payment of agency shop fees at the time of his termination and therefore determining that the state had discharged him for just cause. DeNardo neither requested agency reconsideration of this decision nor appealed it to the superior court.[1] In April 1980,

---

1. AS 44.62.520 provides, in relevant part, that an agency decision becomes effective thirty days after delivery or mailing to the respondent unless reconsideration is ordered within that time. The agency's power to order reconsideration upon petition of a party expires at the end of that thirty-day period. AS 44.62.540. A party's failure to seek agency reconsideration does not affect his right to appeal to the superior court, AS 44.62.560, but that appeal must also be filed within thirty days of the delivery or mailing of the agency decision (or within thirty days of the

DeNardo instituted suit in the superior court against APEA, its former director (Patrick Murphy), and the state for the "taking and conversion" of his fourteenth amendment property interest in employment. On September 2, 1980, the superior court entered summary judgment against him, dismissing the action with prejudice, based on his failure to appeal the agency decision. This court affirmed without opinion. *DeNardo v. Murphy*, Memorandum Opinion and Judgment No. 93 (Alaska, July 28, 1981). The United States Supreme Court denied certiorari and dismissed the appeal, *DeNardo v. Murphy*, 454 U.S. 1096, 102 S.Ct. 667, 70 L.Ed.2d 636 (1981), and thereafter also denied DeNardo's petition for rehearing. *DeNardo v. Murphy*, 455 U.S. 1038, 102 S.Ct. 1743, 72 L.Ed.2d 156 (1982).

DeNardo filed a second action against the same defendants in federal district court in June 1982. The federal court held that "the Alaska state courts provided DeNardo with a full and fair opportunity to present his claims, and the decisions of the Alaska Superior and Supreme Courts must be given res judicata effect." The federal court rejected DeNardo's arguments that the doctrine of res judicata should not apply because the prior Alaska decisions were void, because they were either erroneous or based on legal principles which have since been changed, and because Alaska's "savings statute" allowed him to bring the federal court action.

DeNardo filed the present suit in superior court in April 1984, based upon the same facts as those involved in the prior actions. He now argues specifically that the agency decision is void because one of the board members who signed the decision was not present at the hearing [2] and that another who participated in the decision had a conflict of interest. He appears to contend that these actions deprived him of due process and resulted in an unconstitutional impairment of his employment contract. The superior court dismissed the complaint with prejudice as barred by the doctrine of res judicata on January 24, 1985. DeNardo subsequently filed this appeal.

## II. DOES RES JUDICATA PRECLUDE LITIGATION OF DeNARDO'S CLAIMS?

DeNardo attempts to characterize his claim as one for a denial of his due process rights, based on the Labor Relations Agency's failure to follow the proper procedures in regard to the hearing held on his unfair labor practice charges, and for an unconstitutional impairment of his employment contract. However, DeNardo has twice previously sued the state to recover money damages allegedly incurred as a result of his discharge from employment. The superior court in this case did not reach the merits of DeNardo's claims but disposed of them on res judicata grounds.

Under the doctrine of res judicata, a judgment on the merits of the controversy bars subsequent actions between the same parties upon the same claim. *Drickersen v. Drickersen*, 546 P.2d 162, 169 (Alaska 1976) (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.405, at 621 (2d ed. 1980)); *accord, Calhoun v. Greening*, 636 P.2d 69, 71–72 (Alaska 1981); *Engebreth v. Moore*, 567 P.2d 305, 307 (Alaska 1977). The doctrine implements "the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." *Drickersen*, 546 P.2d at 169 (citations omitted), *quoted in Engebreth*, 567 P.2d at 307.

decision upon reconsideration). Alaska App.R. 602(a)(2) (previously Rule 45(a)(2)); *see Owsichek v. State, Guide Licensing & Control Bd.*, 627 P.2d 616, 621 & n. 9 (Alaska 1981) (appellate rules supersede statutory provision allowing 60 days to file appeal to superior court). Thus, the time for DeNardo to seek reconsideration or review of the agency decision expired in February 1979.

2. AS 44.62.500(a)(2) provides that a member of an administrative agency subject to this rule who has not heard the evidence in a contested case before the agency may not vote on the decision.

It is settled that res judicata precludes relitigation by the same parties, not only of claims raised in the first proceeding, but also of those relevant claims that could have been raised. *Calhoun*, 636 P.2d at 72; *see also Pankratz v. State, Dep't of Highways*, 652 P.2d 68, 74 (Alaska 1982). The claims extinguished by the first judgment include "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose," *State v. Smith*, 720 P.2d 40, 41 (Alaska 1986) (quoting with approval Restatement (Second) of Judgments § 24(a) (1982)); a mere change in the legal theory asserted as a ground for recovery will not avoid the preclusive effect of the judgment. *Id.; Pankratz*, 652 P.2d at 74.

■ Application of these principles of claim preclusion suggest that DeNardo cannot maintain the present action. His prior state court case, as well as the case brought in federal court, involved the same parties: DeNardo as plaintiff and the state as a defendant. Each arose from the same "transaction": DeNardo's discharge from employment in 1978 and the subsequent unfair labor practice proceeding before the Labor Relations Agency. The "nucleus of facts" and the evidence presented in this case would be identical to that which would have been adduced in the prior actions had they proceeded to trial. *See Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir.1980) (listing these as among the factors determining identity of the causes of action for purposes of res judicata). Our decisions make clear that the fact that DeNardo now frames his claim in terms of constitutional violations rather than tort or civil rights does not lift the bar to relitigation resulting from the first judgment.[3]

We also find the decision in *Hixon v. Morse*, 120 Ariz. 356, 586 P.2d 201 (Ct.App. 1978), persuasive on this issue. In *Hixon*, the plaintiff's claim arose from the termi-

nation of his worker's compensation benefits by administrative decision. The court of appeals had previously affirmed the dismissal of the complaint, holding that the trial court lacked jurisdiction because the plaintiff's remedy lay in requesting a hearing before the agency and that the complaint failed to state a claim upon which relief could be granted. *See Hixon v. State Compensation Fund*, 115 Ariz. 392, 565 P.2d 898, 899 (Ct.App.1977). In the subsequent action, the plaintiff embellished his complaint with additional allegations in an apparent attempt to correct the pleading deficiencies which the court of appeals had identified. *See Hixon v. Morse*, 586 P.2d at 202. The trial court granted defendants' motion for summary judgment on the ground that res judicata barred the claim, and the court of appeals again affirmed:

> Regardless of the additional allegations, appellant's claim arises solely from the termination of his workmen's compensation benefits by an administrative decision, for which the exclusive remedy for review lay with the Industrial Commission of Arizona. As such, it is barred by the judgment of dismissal on the identical underlying facts in the previous case.

*Id.* at 202–03 (citations omitted). *Cf. Southern Pac. Transp. v. Public Utils. Comm'n*, 716 F.2d 1285, 1289 (9th Cir. 1983), *cert. denied and appeal dismissed*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (denial, without hearing or opinion, of petition for review of agency decision constitutes denial on the merits and is accorded res judicata effect).

■ Because we have concluded herein that all of the prerequisites for application of res judicata have been met, DeNardo cannot maintain his claim unless an exception to the doctrine allows continuation of this litigation. Such an exception exists with respect to a void judgment, which is subject to collateral attack. *See Holt v.*

---

**3.** This conclusion gains support from a factually analogous case in which a federal court observed that res judicata would apply where an employee unsuccessfully first sues for wrongful discharge and then files a second action alleging that his discharge violated his constitutional

rights, because "the wrong for which vindication is sought in the later suit is essentially the same wrong which prompted the first action." *Solar v. Merit Sys. Protection Bd.*, 600 F.Supp. 535, 536 (S.D.Fla.1984) (ultimately holding res judicata inapplicable on other grounds).

*Powell,* 420 P.2d 468, 471 (Alaska 1966). A judgment is void

> where the state in which the judgment was rendered had no jurisdiction to subject the parties or the subject matter to its control, or where the defendant was not given proper notice of the action and opportunity to be heard, or where the judgment was not rendered by a duly constituted court with competency to render it, or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.

*Id.* (footnotes omitted). None of these conditions exists in the case at bar. Furthermore, it is well established that a decision is not subject to collateral attack if it is merely erroneous rather than void. *See* Restatement (Second) of Judgments § 17 comment d (1982); *e.g., Moffat v. Moffat,* 27 Cal.3d 645, 165 Cal.Rptr. 877, 882, 612 P.2d 967, 972 (Cal.1980) (en banc); *Bresolin v. Morris,* 86 Wash.2d 241, 543 P.2d 325, 328 (1975). Thus, even if the decision of the Labor Relations Agency were void because the agency committed the procedural errors alleged by DeNardo, the superior court judgment affirming the agency decision on the merits would then be erroneous, not void, and the judgment would still have res judicata effect.[4] *See Southern Pac. Transp.,* 716 F.2d at 1290 (rejecting argument that agency decision should not preclude subsequent action because agency had lacked jurisdiction, on grounds that supreme court's denial of review, not the agency decision itself, was given preclusive effect). In the case at bar, moreover, the initial superior court judgment affirmed the agency decision based on DeNardo's failure to file a timely appeal; the validity or invalidity of the underlying agency decision is thus irrelevant to the validity of the subsequent affirmance.

## III. CONCLUSION.

We conclude that the prerequisites for application of the doctrine of res judicata to DeNardo's claims have been met here. In DeNardo's original action, we affirmed the judgment of the superior court, which was a dismissal with prejudice. No persuasive legal argument has been advanced to permit DeNardo to re-open the original matter. DeNardo has had "a full and fair opportunity" to present his constitutional due process and impairment of contract claims to the state courts. He should have timely appealed the agency decision or made a collateral attack on the decision when he first filed suit in state court if he desired judicial consideration of these issues. Because DeNardo failed to raise them in the appropriate proceeding, he is barred from raising them now. We will not permit him to prolong this litigation by splitting his case and pursuing a series of individual claims. The record here represents precisely the circumstance in which principles of res judicata should apply.

AFFIRMED.

4. The same reasoning applies with respect to    our affirmance of the superior court's decision.