961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald F. STUMPF, Plaintiff-Appellant,
v.
Roger V. ENDELL, Commissioner, et al., Defendants-Appellee.
 No. 90-35804.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald F. Stumpf, an Alaska state prisoner, appeals pro se the district court's grant of summary judgment in favor of the appellees in Stumpf's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 Res Judicata
 
 3
 Stumpf contends that his civil rights action was not barred by res judicata because the previous state court actions brought by Stumpf against the same defendants did not raise the same claims. This contention lacks merit.
 
 
 4
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). Res judicata applies to claims brought under 42 U.S.C. § 1983. See Allen v. McCurry, 449 U.S. 90, 96-97 (1980). "[W]here the federal constitutional claim is based on the same asserted wrong as was the subject of a state action, and where the parties are the same res judicata will bar the federal constitutional claim whether it is asserted in state court or not...." Scoggin v. Schrunk, 522 F.2d 436, 437 (9th Cir.1975), cert. denied, 423 U.S. 1066 (1976); accord Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984). "The preclusive effect of a state court judgment on a subsequent federal action is determined under state law." Takahashi v. Board of Trustees of Livingston Union Sch. Dist., 783 F.2d 848, 850 (9th Cir.), cert. denied, 476 U.S. 1182 (1986).
 
 
 5
 Under Alaska law, res judicata precludes relitigation by the same parties "not only of claims raised in the first proceeding, but also of those relevant claims that could have been raised." DeNardo v. State, 740 P.2d 453, 456 (Alaska) (citations omitted), cert. denied, 484 U.S. 919 (1987). "However, there must have been a full and fair opportunity to litigate the issue before res judicata can be applied." Ferguson v. Alaska Dep't of Corrections, 816 P.2d 134, 138 (Alaska 1991). An unnamed member of a class cannot make a collateral attack on the class action judgment where the class members received adequate representation. Id. "The question of adequate representation can best be resolved by determining whether the interests of those who would attack the judgment were vigorously pursued and protected in the class action by qualified counsel." Id.
 
 
 6
 Here, in his section 1983 complaint, Stumpf asserted that the defendants violated his constitutional rights by placing him in administrative segregation or solitary confinement without a hearing and improperly restricting his telephone and visitation privileges, law library access, and ability to practice his religion. Stumpf is barred from relitigating these claims because he was a member of the class of plaintiffs who won a judgment against the same defendants in a comprehensive prison conditions case in the Alaska state courts. The claims that Stumpf raised in this action either were raised or could have been raised in the class action and subsequent state court actions. Moreover, Stumpf received adequate representation in the class action because the class was represented by qualified counsel who obtained a judgment for both injunctive and monetary relief. Accordingly, the district court correctly determined that Stumpf's section 1983 action is barred by res judicata. See Allen, 449 U.S. at 96-97; Montana, 440 U.S. at 153; Scoggin, 522 F.2d at 437; Ferguson, 816 P.2d at 138; DeNardo, 740 P.2d at 456.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stumpf's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stumpf contends on appeal that (1) the district court violated federal rules of evidence and civil procedure by admitting an unfiled legal document from Stumpf to the Alaska Supreme Court; and (2) the district court abused its discretion by allowing the defendants to file an amended answer which raised the defense of res judicata. These contentions lack merit. See McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986) (res judicata can be raised sua sponte by court)