David RENWICK, Appellant,

v.

**STATE of Alaska, BOARD OF MARINE PILOTS, Appellee.**

Nos. S–8175, 5063.

Supreme Court of Alaska.

Jan. 15, 1999.

Richard D. Kibby, Anchorage, for Appellant.

Gayle A. Horetski, Assistant Attorney General, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE, and BRYNER, JJ.

### OPINION

COMPTON, Justice.

## I. INTRODUCTION

Captain David Renwick appeals the superior court's dismissal of his declaratory judgment action on the grounds of res judicata

and/or collateral estoppel. We affirm on alternate grounds, but modify the judgment.

## II. FACTS AND PROCEEDINGS

### A. Background [1]

One stormy evening in 1994 Captain David Renwick was the state marine pilot assigned to the M/V REEFER BADGER. As the REEFER BADGER was about to run aground, Renwick gave the command "full astern." Because another vessel was anchored directly behind the REEFER BADGER, Captain Yamaguchi, master of the REEFER BADGER, perceived imminent danger of a collision. Yamaguchi countermanded Renwick's order, changing it to "half-ahead, starboard rudder." At this point, Renwick left the deck of the REEFER BADGER, called to the nearby pilot boat to come pick him up, and leapt onto the pilot boat. The REEFER BADGER did not run aground and Renwick returned to the REEFER BADGER.

### B. Proceedings

In May 1994, based on the incident described above, the director of the Division of Occupational Licensing, Alaska Department of Commerce and Economic Development (Division) petitioned the Alaska Board of Marine Pilots (Board) to summarily suspend Renwick's marine pilot's license. The Board found that Renwick's continued licensure posed "a clear and immediate danger to public health and safety." The Board summarily suspended Renwick's marine pilot license. Renwick challenged this suspension and requested an administrative hearing. The Division held a hearing and an administrative officer proposed a decision, which the Board rejected. The Board decided to hear the matter itself.

On October 19, 1994, the Division filed an Accusation against Renwick, based on the same incident set forth above, seeking the revocation of Renwick's license. The Board ordered that the hearing on this Accusation be separate from the hearing on the summary suspension.

On October 27, 1994, Renwick filed a complaint in superior court for declaratory judgment, which he later amended. He sought determinations of: (1) whether the second clause of 12 Alaska Administrative Code (AAC) 56.990(14), as interpreted and applied, is "ultra vires"; (2) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, is preempted by 46 U.S.C. §§ 8501–02; (3) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, is "void for vagueness and lack of notice"; and (4) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, violates Renwick's state and federal rights to due process and equal protection.

On December 1, following a hearing, the Board issued a written decision based upon a unanimous vote upholding the summary suspension of Renwick's license. Renwick appealed this summary suspension to the superior court. Renwick then moved to consolidate that appeal with his pending declaratory judgment action. This motion was denied; the superior court found that the appeal and the declaratory judgment action "do not involve sufficient common questions of law to warrant consolidation."

The declaratory judgment action was dismissed, without prejudice, on February 6, 1995, due to Renwick's failure to properly serve the complaint, or failure to exhaust his administrative remedies, or both; the superior court's rationale is not stated explicitly. The action was re-filed, seeking the same relief, on March 10. The State, in its answer, made the court aware of the pending, parallel administrative appeal.

In September the superior court issued its decision in the administrative appeal. It held that a pilot has no duty to remain on board a vessel after the vessel's master has reasserted command; the definition of "on duty" in 12 AAC 56.990(14) could not be interpreted to include a duty to remain on board and to advise the master on navigation and local conditions. It reversed the order of summary suspension and remanded to the Board to vacate its findings. The State ap-

---

1. This is a brief summary of the Board's findings of fact, adopted by this court in *State, Board of*

*Marine Pilots v. Renwick*, 936 P.2d 526, 527–530 (Alaska 1997)(*Renwick I* ).

pealed that decision to this court. In *State, Board of Marine Pilots v. Renwick*, 936 P.2d 526 (Alaska 1997) (*Renwick I* ), we reversed the decision of the superior court ,and remanded the case with directions to remand to the Board for such further proceedings as may be appropriate.[2]

The State then moved the superior court to dismiss Renwick's still pending declaratory judgment action on the ground of res judicata. Renwick opposed, arguing that he was seeking reconsideration of *Renwick I* and that *Renwick I* failed to address paragraphs 9–12 of his complaint. The superior court granted the State's motion to dismiss Renwick's declaratory judgment action, with prejudice, as "barred by the decision in *State, Board of Marine Pilots, et al. v. David Renwick*, Op. No. 4782 [936 P.2d 526] (February 21, 1997)." Renwick appeals.

## III. STANDARD OF REVIEW

■ The question whether res judicata or collateral estoppel applies is a question of law, which we review de novo.[3]

## IV. DISCUSSION

Renwick seeks a declaratory judgment on the following issues:

(1) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, is "ultra vires";

(2) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, is preempted by 46 U.S.C. § 8501–02;

(3) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, is "void for vagueness and lack of notice"; and

(4) whether the second clause of 12 AAC 56.990(14), as interpreted and applied, violates Renwick's state and federal rights to due process and equal protection.

Issues (1), (2), and (4) were argued before the superior court whose decision was appealed in *Renwick I*. But the superior court's decision turned on an issue not also presented in Renwick's declaratory judgment action: the appropriate definition of "on duty," as used in 12 AAC 56.990(14). The superior court did not address any of the issues presented in Renwick's declaratory judgment action, because it decided to reverse the Board's decision based on its conclusion regarding the appropriate definition of "on duty." On appeal to this court, Renwick did not present these issues as alternate grounds to affirm. We therefore did not address these issues. *See Renwick I*, 936 P.2d at 531–32.

### A. Renwick's Declaratory Judgment Action Is Not Barred by Res Judicata.

■ Once a judgment on the merits of a controversy has been entered, res judicata bars subsequent actions between the same parties on the same claim or on claims that were required to be brought in the original proceeding.[4] "The doctrine implements 'the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court.' "[5]

■ The doctrine of res judicata is not applicable to Renwick's declaratory judgment action. The "claim" decided in *Renwick I* was that of the Board to summarily suspend Renwick's license. Although the issues raised in Renwick's declaratory judgment action are virtually identical to issues raised before, but not decided by, the superior court in *Renwick I*, Renwick's claim for declaratory relief is not the same as the State's claim that Renwick's license should be summarily suspended. Renwick's declaratory judgment claims may also have implications in the proceeding to permanently revoke Renwick's license.[6] Furthermore, the State contends

---

**2.** *See Renwick I,* 936 P.2d at 532.

**3.** *See Rapoport v. Tesoro Petroleum Co.,* 794 P.2d 949, 951 (Alaska 1990); *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

**4.** *See DeNardo v. State,* 740 P.2d 453 (Alaska 1987).

**5.** *Id.* at 455 (quoting *Drickersen v. Drickersen,* 546 P.2d 162, 169 (Alaska 1976)).

**6.** *See Owsichek v. State, Guide Licensing & Control Bd.,* 627 P.2d 616, 619 (Alaska 1981) (recognizing functional difference between action for declaratory judgment that agency lacked certain authority and prior administrative action before

that Renwick's previous failure to present to this court his declaratory judgment arguments as alternate grounds to affirm in *Renwick I* should bar him from asserting those arguments in a later, distinct proceeding. But the State has presented neither authority nor convincing argument supporting this proposition. Res judicata will not operate to bar the declaratory judgment action.[7]

### B. Renwick's Declaratory Judgment Action Is Not Barred by Collateral Estoppel.

■ The requirements for collateral estoppel, also termed "issue preclusion," are set forth in *Jackinsky v. Jackinsky*, 894 P.2d 650, 654 (Alaska 1995):

Collateral estoppel or issue preclusion bars the relitigation of an issue where:

(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action;

(2) the issue precluded from relitigation is identical to the issue decided in the first action;

(3) the issue was resolved in the first action by a final judgment on the merits; and

(4) the determination of the issue was essential to the final judgment.

Parts (2), (3), and (4) of the above test are not satisfied. None of the issues raised in Renwick's declaratory judgment action was decided in *Renwick I*. They were not addressed by the superior court and they were not presented to this court. Collateral estoppel cannot operate to bar Renwick's declaratory judgment action.[8]

### C. Renwick Failed to Exhaust His Administrative Remedies.

■ The State argues that "had the superior court not dismissed on res judicata grounds, Renwick's declaratory judgment action would have been barred by the doctrine of exhaustion of administrative remedies." The State points out that, based on that doctrine, we may uphold the dismissal of Renwick's declaratory judgment action. The State cites to *Sea Lion Corp. v. Air Logistics of Alaska, Inc.*, 787 P.2d 109, 116 (Alaska 1990), which held that "[a]n appellee may defend a judgment on any basis established by the record, whether or not it was relied on by the trial court or even raised before the trial court so long as no new factual determinations are required."

*Standard Alaska Production Co. v. State, Department of Revenue*, 773 P.2d 201 (Alaska 1989) supports the proposition that Renwick's declaratory judgment action should be barred by the doctrine of administrative exhaustion. In *Standard*, we explained that a superior court should not entertain "legal" or "constitutional" claims which have been severed from the remainder of a controversy otherwise subject to the doctrine of administrative exhaustion, for to do so would allow a party to emasculate the purpose of the doctrine.[9] One of its purposes is to create "a factual context within which to review a case," which is "axiomatic to our system of justice." [10] Furthermore, it permits the administrative process to proceed uninterrupted, subject to judicial review only at the conclusion of the process rather than at each phase. It also prevents the reduction in an agency's effectiveness that results when oth-

---

that agency). *See also* Restatement (Second) of Judgments, § 33 cmt. c (1982) (suggesting that declaratory judgment actions are not treated as "claims" for res judicata purposes).

7. Renwick makes the additional argument that it is unfair to subject his declaratory judgment action to res judicata when the superior court refused to consolidate it with his administrative appeal. It does not appear to be necessary to address this issue to resolve this question. We note, however, that all of the issues presented in the declaratory judgment action were already before the superior court as part of the administrative appeal.

8. Renwick also argues that the dismissal of his declaratory judgment action is a due process violation—he is denied the opportunity to be heard in a meaningful time and manner. As it is clear that neither res judicata nor collateral estoppel can operate to bar Renwick's declaratory judgment action, it is unnecessary to address this constitutional issue.

9. *See Standard Alaska Prod. Co. v. State, Dep't of Revenue*, 773 P.2d 201, 207 (Alaska 1989) (citations omitted).

10. *See id.*

ers are encouraged to circumvent agency procedures by obtaining court review before exhausting the administrative process, causing weakened and more expensive enforcement efforts.[11] "[C]ases of mixed questions of law and fact are 'particularly' appropriate for administrative resolution prior to judicial review since ... an administrative ruling on the factual issues may moot the legal issues."[12] In the instant case, Renwick's declaratory judgment action attempts to sever constitutional issues from his pending revocation proceeding (separate from the now-concluded summary suspension proceeding). Because an administrative ruling on the facts in Renwick's favor would moot the claims raised in Renwick's declaratory judgment action, it is in the interests of judicial economy to require Renwick to proceed first before the Board. We therefore conclude that Renwick's declaratory judgment action is barred by the doctrine of administrative exhaustion.[13]

## V.  CONCLUSION

We AFFIRM the judgment of the superior court on the ground that Renwick failed to exhaust his administrative remedies. We MODIFY the judgment, directing that it be entered without prejudice. This will permit Renwick to argue before the Board the claims raised in his declaratory judgment action.

BRYNER, Justice, concurring.

I am not convinced that the res judicata analysis in Part IV.A. of the court's opinion is sound. But I am persuaded that given the procedural confusion stemming from the superior court's refusal to consolidate Renwick's declaratory judgment action with his administrative appeal, it would be fundamentally unfair to invoke res judicata as a bar to his declaratory judgment action, even if the doctrine might otherwise apply. Accordingly, I concur in the result reached in Part IV.A., and I join in the balance of the opinion.

BRYNER, J., concurs.

---

11. *See* 2 Kenneth Davis, *Administrative Law Treatise* § 15.2 (3d ed.1994).

12. *Standard*, 773 P.2d at 207–08.

13. *Standard* also explains that "futility" and the potential for "irreparable harm" allow exceptions to the doctrine of administrative exhaustion. *See id.* at 208–09. Renwick has presented neither argument to this court.

Renwick attempts to characterize his claims as challenging agency jurisdiction, and thus arguably not subject to the doctrine of administrative exhaustion, citing *State, Department of Labor v. University of Alaska*, 664 P.2d 575, 581 (Alaska 1983). The challenge of subject matter jurisdiction in the cited case is not analogous to the constitutional challenges presented in Renwick's declaratory judgment action, which deals with the permissible interpretation and application of an AAC provision. Renwick's argument is not persuasive.