In the Matter of PACIFIC MARINE
INSURANCE COMPANY OF
ALASKA IN LIQUIDATION,

PACIFIC MARINE INSURANCE
COMPANY OF ALASKA IN
LIQUIDATION, Appellant,

v.

HARVEST STATES COOPERATIVE,
Appellee.

No. S–5438.

Supreme Court of Alaska.

July 1, 1994.

Meredith A. Ahearn, Hagans, Brown, Gibbs & Moran, Anchorage, for appellant.

Kirsten Tinglum, Ashburn & Mason, P.C., Anchorage, for appellee.

*ORDER*

Before: MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

EASTAUGH, J., not participating.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

*OPINION*

MOORE, Chief Justice.

## I. INTRODUCTION

Appellant Pacific Marine Insurance Company of Alaska ("PacAk") has been in liquidation pursuant to AS 21.78.090(b) since July 1989. This case involves an asset which PacAk purports to own. The receiver for PacAk claims that an annuity purchased by PacAk to fund a workers' compensation claim was unlawfully transferred to an irrevocable Oregon trust, with an Oregon trustee and a Washington beneficiary.

PacAk filed a motion to set aside and terminate the irrevocable trust, dated February 25, 1992 (first motion). Harvest States Cooperative ("Harvest States") entered a limited appearance to move that the court decline to hear the first motion based on its lack of jurisdiction over both the Washington trustee and the Oregon beneficiary. The superior court issued an order declining to hear the motion (first order) on September 24, 1992, based on these grounds. PacAk did not move for reconsideration or appeal. Instead, PacAk filed a motion for order to aid the receiver, dated October 16, 1992 (second motion). On November 4, 1992, the superior court issued an order declining to hear the

second motion, holding that the court's findings pursuant to the first motion were equally applicable to the second. PacAk appeals from this order.

This case requires us to decide whether the trial court correctly declined to hear PacAk's second motion. To reach this decision, we must resolve whether an order in the course of an ongoing insurance liquidation proceeding can form a basis for applying collateral estoppel. If we find that such an order cannot form a basis for applying collateral estoppel, we must additionally determine whether the foreign trustee and beneficiary are indispensable parties, without whom PacAk's second motion cannot be heard. For the reasons stated below, we reverse and hold that the superior court should hear PacAk's second motion.

## II.  FACTS AND PROCEEDINGS

North Pacific Grain Growers, Inc., an Oregon cooperative corporation and predecessor to Harvest States, purchased a workers' compensation policy from PacAk to cover its Kalama, Washington grain elevator operations. Richard Blessing suffered a fatal accident in 1981 in the course of his employment at the Kalama grain elevator. He was survived by his widow, Joanne Blessing. PacAk purchased the annuity at issue from Charter National Life Insurance Company to fund its potential legal obligations to Joanne Blessing.

Subsequently, PacAk was declared insolvent by the Alaska courts. At about the same time, Pacific Marine Insurance Company ("PacWa"), a Washington corporation and separate entity from PacAk, was declared insolvent by the courts of Washington. In May 1989, the Deputy Receiver for PacWa, Virgil McQueen ("McQueen"), Special Deputy Insurance Commissioner for the State of

Washington, entered into an irrevocable trust agreement with Harvest States, naming a Portland, Oregon attorney as trustee and Joanne Blessing, a Washington resident, as beneficiary. The annuity was assigned to the trustee.

The receiver for PacAk claims that McQueen assigned the annuity to the trust without permission from or notice to PacAk, although he knew that PacAk was the owner of the annuity. Harvest States counters that PacWa had authority to transfer the annuity because it fell under a 100% casualty quota share agreement previously entered into between PacAk and PacWa. Furthermore, the owner named on the annuity policy was simply "Pacific Marine Insurance Company," and evidence indicates that it was purchased from a PacWa account. Thus, the ownership of the annuity is the subject of a bona fide dispute.

The superior court issued the order declining to hear the first motion on jurisdictional grounds on September 24, 1992. PacAk did not move for reconsideration of that order within ten days, pursuant to Alaska Rule of Civil Procedure 77(k), nor did PacAk appeal the merits of the order within thirty days, pursuant to Alaska Appellate Rule 204(a). Instead, PacAk filed its second motion on October 16, 1992. On November 4, 1992, the superior court issued the second order, from which PacAk appeals.

## III.  DISCUSSION

### A.

■ Harvest States argues that the doctrine of collateral estoppel dictates that the court's finding of lack of personal jurisdiction over indispensable parties in the first order is dispositive of the same issue in the second order.[1] The application of collateral estoppel

---

1. Collateral estoppel was not specifically raised in the superior court. Harvest States argued below that the parties affected by each motion were identical, as were the "goals" and the applicable legal principles. Harvest States did not use the magic words "collateral estoppel." Therefore, we must determine if Harvest States waived the issue of collateral estoppel by raising it for the first time on appeal.

This court has held that it will consider a theory not expressly presented to the trial court

where "it is not dependent on any new or controverted facts" and where "it is closely related to [the] trial court theory and could have been gleaned from [the] pleadings." Zeman v. Lufthansa German Airlines, 699 P.2d 1274, 1280 (Alaska 1985) (quoting O'Neill Investigations v. Illinois Employers Ins., 636 P.2d 1170, 1175 n. 7 (Alaska 1981)). In the superior court, Harvest States essentially argued the elements of collateral estoppel without using that term. Further-

to a given set of facts is a question of law subject to independent review. *Rapoport v. Tesoro Alaska Petroleum Co.*, 794 P.2d 949, 951 (Alaska 1990). In *Rapoport*, we set forth three requirements for the application of collateral estoppel:

> 1) [t]he plea of collateral estoppel must be asserted against a party or one in privity with a party to the first action;
>
> 2) [t]he issue to be precluded from relitigation by operation of the doctrine must be identical to that decided in the first action;
>
> 3) [t]he issue in the first action must have been resolved by a final judgment on the merits.

*Id.* (quoting *McKean v. Municipality of Anchorage*, 783 P.2d 1169, 1171 (Alaska 1989)).

While the first requirement (identical parties) is clearly met, the second requirement (same issues) is contested in this case. The receiver argues that the second motion did not seek to have the trust set aside, but merely asked the superior court to find that the annuity was an asset of the receivership and that it was wrongly transferred by McQueen to the trust. Harvest States counters that the second motion is merely a change in legal theory aimed at achieving the same goal as the first motion—removing the annuity from the trust. However, we need not resolve whether the same issues are involved in both orders, since we find that the third element was not satisfied.

We recently held that the "finality requirement does not necessarily require the entry of a final judgment." *Borg–Warner Corp. v. Avco Corp.*, 850 P.2d 628, 635 (Alaska 1993). Rather, "[i]n the absence of an appealable decision, the test is whether the issue has been 'fully litigated.'" *Id.* (citation omitted).

*See also Briggs v. State, Dep't of Pub. Safety*, 732 P.2d 1078 (Alaska 1987). In *Briggs*, we stated:

> For purposes of issue preclusion, "final judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Factors supporting a conclusion that a decision is final for this purpose are "that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to 'appeal or was in fact reviewed on appeal."

*Id.* at 1082 (quoting Restatement (Second) of Judgments § 13 & cmt. g (1982)) (citations omitted).

■ Harvest States argues that collateral estoppel can be based on a *dismissal* for want of jurisdiction. While we have never addressed this specific issue, we believe that Harvest States' argument has merit. This court has held that an order that is not technically a "judgment" can still give rise to issue preclusion if it is an appealable final judgment for purposes of Appellate Rule 202.[2] *See Calhoun v. Greening*, 636 P.2d 69, 72–73 & n. 4 (Alaska 1981) (because denial of Civil Rule 60(b) motion is appealable under Appellate Rule 202, it will be treated as final judgment for res judicata purposes); *see also City of Fairbanks v. Electric Distrib. Sys.*, 413 P.2d 165, 168 (Alaska 1966) (an order dismissing a complaint for lack of jurisdiction over an indispensable party is an appealable order under the predecessor to Appellate Rule 202).

■ However, Harvest States' argument relies upon the characterization of the first order as a dismissal under Rule 41(b)

---

more, PacAk does not raise a waiver argument but instead directly addresses the issue of collateral estoppel. PacAk does not appear to have been prejudiced by Harvest States' failure to use the term "collateral estoppel," and therefore we do not find that waiver is appropriate here.

2. Alaska Civil Rule 41(b) would not affect this analysis. Civil Rule 41(b) excepts a dismissal for lack of jurisdiction from operating as an adjudication upon the merits. A leading treatise explains issue preclusion under the analogous Federal Rule as follows:

> Civil Rule 41(b) provides that a dismissal for lack of jurisdiction ... does not operate as an adjudication upon the merits. This provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action. *The judgment remains effective to preclude relitigation of the precise issue of jurisdiction ... that led to the initial dismissal.*

18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436, at 338 (1981) (emphasis added; footnote omitted).

and therefore a final judgment that was appealable under Appellate Rule 202. The first order was not a dismissal. The superior court merely "decline[d] to hear" the motion to set aside and terminate the trust. We believe that PacAk's two motions were simply part of many such motions in the course of an ongoing liquidation proceeding, and we must therefore decide whether to treat such orders as appealable final judgments.

Alaska Statute 21.78.010(c) provides:

An appeal shall lie to the supreme court from an order granting or refusing rehabilitation, liquidation, or conservation, and from *every other order in delinquency proceedings having the character of a final order as to the particular portion of the proceeding embraced therein.*

(Emphasis added.) Rather than disposing of this issue, the statutory language begs the question of which orders in delinquency proceedings have the "character of a final order."

We resolve this question by holding that no orders in a liquidation or receivership are appealable as of right until the receivership action is terminated, unless the trial court enters a Civil Rule 54(b) certificate.[3] Without either a final judgment or a Civil Rule 54(b) direction by the trial court, intermediate orders of the superior court do not have the character of a final order and thus do not satisfy the third requirement for collateral estoppel. Therefore, we hold that the superior court's order declining to hear the first motion does not prohibit the same court from hearing the second motion.

**3.** Alaska Civil Rule 54(b) provides:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision

**B.**

Since we hold that the first order did not preclude the court from considering the merits of the second motion, we review the merits of the superior court's finding of lack of jurisdiction over indispensable parties. We review a finding by the trial court of indispensability pursuant to Alaska Civil Rule 19 under an abuse of discretion standard. *See Farmer v. State,* 788 P.2d 43, 50 (Alaska 1990).

In its order declining to hear the second motion, the superior court found:

This court's September 24, 1992 findings[4] are equally applicable to the receiver's attempt to remove the Charter National Annuity from the Blessing Irrevocable Trust. Consequently, this court declines to hear the Receiver's motion due to its lack of jurisdiction over indispensable parties.

(Citations omitted.)

The proper test for determining whether parties are indispensable is set out in Civil Rule 19. We see no evidence that the superior court applied this test. Therefore, the superior court abused its discretion.

A finding of indispensability requires a three-part analysis. First, the court must determine whether the parties are "necessary," according to the standards set forth in Civil Rule 19(a). Second, only if the parties are found to be necessary, the court must then determine if they can be joined. At this point in the inquiry, the court must decide whether it can exercise personal jurisdiction

is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.

**4.** The findings from the first order included

(3) That the trustee and beneficiary are indispensable parties to the action to set aside and terminate the trust;
(4) That the trustee and beneficiary lack the necessary minimal contacts with the State of Alaska to justify an assertion of long-arm jurisdiction under AS 09.05.015;
(5) That based on the above findings and rulings, the court should decline to hear the Receiver's motion for lack of jurisdiction over indispensable parties.

over the parties. Finally, if the court concludes that the parties are necessary and cannot be joined, it must determine whether they are "indispensable" by weighing the factors provided in Civil Rule 19(b).

■ Our analysis therefore begins by considering whether the trustee and the beneficiary are necessary according to Civil Rule 19(a).[5] We have previously recognized that "parties will not be considered indispensable if they are beneficiaries of a trust whose interests their trustee may adequately represent." *Hardy v. Island Homes, Inc.,* 363 P.2d 637, 643 (Alaska 1961). We extend this rule to provide that if the beneficiary's interest will not as a practical matter be impaired by the trustee's absence, then neither the trustee nor the beneficiary are necessary parties.

■ We must therefore inquire whether the interests of the beneficiary can be protected in the absence of both the beneficiary and the trustee. Under general trust law principles, the answer is no. *See, e.g.,* 3A James Wm. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 19.08 (2d ed. 1991) ("The general rule is that in a suit to alter the terms of a trust instrument or to declare the trust invalid all parties who would be affected by the adjudication are indispensable.") However, the motion at issue in this appeal does not seek to alter the terms of the trust instrument or to declare the trust invalid. It merely seeks to adjudicate proper ownership of the annuity. Furthermore, even if the general rule were applicable here, we find the facts in this case are sufficiently unusual as to warrant a departure from this general rule. In this case, the beneficiary's interest can be adequately protected by Harvest States, the co-settlor of the trust.[6]

Joanne Blessing, the beneficiary, is entitled to compensation from Harvest States under the Longshore and Harbor Workers' Compensation Act[7] (LHWCA). Harvest States was the insured of PacAk, which accepted the LHWCA claim and purchased the annuity at issue here to fund it. As long as the annuity payments continue to be made to the trustee (incorrectly, according to PacAk), then Harvest States itself need not pay the obligation to Joanne Blessing. PacAk's second motion seeks to have the annuity declared property of PacAk. If this relief is granted, and Charter makes payments directly to PacAk, then Harvest States, while remaining primarily liable to Joanne Blessing on the LHWCA claim, will be in the same position as the other insureds of PacAK in the liquidation proceedings, with full recovery under the policy uncertain. This situation provides Harvest States with a strong interest in adequately defending the validity of the trust, thus eliminating the necessity of the trustee and the beneficiary to be joined in this action.

■ Under general trust law principles, a trustee can adequately represent the beneficiary in litigation because the trustee owes a fiduciary duty to the beneficiary. If the trustee fails to vigorously protect the trust property, then the beneficiary has a cause of action against the trustee for breach of this duty. Harvest States does not owe such a fiduciary duty to Joanne Blessing in this case. However, this distinction is not significant here. If Harvest States does not adequately protect Joanne Blessing's interest in this litigation, this will result in Harvest States being directly liable to Joanne Blessing on the LHWCA obligation, the breach of which will give her a cause of action against

---

**5.** Rule 19(a) provides in part that a party shall be joined if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is *so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations by reason of his claimed interest. (Emphasis added.)

**6.** Harvest States does not assert that it will be in any way prejudiced by the failure to include the trustee and/or the beneficiaries, but merely asserts the prejudice to these additional parties as the basis for dismissal.

**7.** 33 U.S.C. §§ 901–950 (1988).

Harvest States.[8] Thus, Joanne Blessing would have rights against Harvest States if it unsuccessfully defends the suit, as she would against a trustee who failed to adequately protect her interests. For these reasons, we do not find either Joanne Blessing or the trustee to be necessary parties.[9]

## IV. CONCLUSION

We hold that an order in the course of an insurance liquidation proceeding is not sufficiently final to give rise to collateral estoppel unless the court has entered a final judgment or has certified the issue to this court under Civil Rule 54(b). Therefore, the superior court's order declining to hear PacAk's first motion did not bar it from considering the merits of whether it should hear the second motion. Our analysis indicates that the joinder of the trustee and/or the beneficiary was not necessary for the second motion, and therefore they were not indispensable parties. We therefore REVERSE the order below and REMAND to the superior court to hear PacAk's motion to aid the receiver.

BURKE, J., not participating.

---

8. If the employer defaults on an installment of an LHWCA award, the deputy commissioner shall make a supplementary order declaring either that installment of the award or, at his discretion, the entire award, to be in default. 33 U.S.C. § 918(a) (1988). The applicant can without paying any fee file a copy of this supplementary order with the Federal district court and may execute upon it as a final judgment. *Id.* If the employer becomes insolvent and the judgment cannot be satisfied, the Secretary of Labor may pay the amount of the award out of a specially designated fund. 33 U.S.C. §§ 918(b), 944 (1988). Therefore, even without the trust, Joanne Blessing's rights to recover from Harvest States would not be unduly prejudiced.

9. Because we reach this conclusion, we need not independently address the issue of whether the Alaska courts lack personal jurisdiction over the trustee or the beneficiary.