# IN THE SUPREME COURT OF THE STATE OF DELAWARE

PROTECTIVE LIFE INSURANCE
COMPANY, PROTECTIVE LIFE
AND ANNUITY INSURANCE
COMPANY, WEST COAST LIFE
INSURANCE COMPANY, and
MONY LIFE INSURANCE
COMPANY,

    Interested Parties Below,
    Appellants,

    v.

THE HONORABLE TRINIDAD
NAVARRO, Insurance
Commissioner of the State of
Delaware, in his capacity as Receiver
for SCOTTISH RE (U.S.), INC.,

    Petitioner Below,
    Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 217, 2020

Court Below—Court of Chancery
of the State of Delaware

C.A. No. 2019-0175-AGB

PROTECTIVE LIFE INSURANCE
COMPANY, PROTECTIVE LIFE
AND ANNUITY INSURANCE
COMPANY, WEST COAST LIFE
INSURANCE COMPANY, and
MONY LIFE INSURANCE
COMPANY,

    Interested Parties Below,
    Appellants,

§
§
§
§
§
§
§
§
§
§
§
§
§

No. 218, 2020

Court Below—Court of Chancery
of the State of Delaware

C.A. No. 2019-0175-AGB

v. §
§
§
THE HONORABLE TRINIDAD §
NAVARRO, Insurance §
Commissioner of the State of §
Delaware, in his capacity as Receiver §
for SCOTTISH RE (U.S.), INC., §
§
§
Petitioner Below, §
Appellee. §
§
§
§

Submitted: July 27, 2020
Decided: September 4, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the notices to show cause, the responses, the notice of interlocutory appeal, and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1) The appellants, Protective Life Insurance Company, Protective Life and Annuity Insurance Company, West Coast Life Insurance Company, and MONY Life Insurance Company (collectively, "the Protective Entities"), filed these appeals from a Court of Chancery order ("the Order") dismissing their petition in the rehabilitation

2

proceeding of Scottish Re (U.S.), Inc.[1]  The events leading to these appeals are described below.

(2)    Beginning in the 1970s, the Protective Entities entered into or assumed reinsurance agreements under which Scottish Re reinsured a portion of their life insurance policies.  The Protective Entities also entered into agreements with third-party life insurers under which the Protective Entities coinsured and administered third-party business reinsured with Scottish Re.  In January 2018, Scottish Re and each of the Protective Entities entered into a global settlement resolving rate disputes and other issues that had arisen between the parties ("Settlement Agreement").  The Settlement Agreement included an offset provision, which the Protective Entities argue authorizes a group offsetting methodology to calculate offsets.[2]

(3)    On March 6, 2019, the Court of Chancery entered a Rehabilitation and Injunction Order ("the Rehabilitation Order") pursuant to the Delaware Uniform Insurers Liquidation Act ("DUILA"), 18 *Del. C.* § 5901 *et seq.*  The Rehabilitation Order placed Scottish Re in rehabilitation, appointed the Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware as Receiver for Scottish

---

[1] *In re Scottish Re (U.S.), Inc.*, 2020 WL 2549288 (Del. Ch. May 19, 2020).
[2] Under the group offsetting methodology, premium amounts owed by one Protective Entity are offset against reimbursed claims owed to a different Protective Entity.  *Id.* at *1.

3

Re ("the Receiver"), and enjoined the ability of cedents like the Protective Entities to offset obligations owed to Scottish Re.

(4) On June 20, 2019, the Court of Chancery approved the Receiver's plan for addressing contractual offset rights during the rehabilitation proceeding ("the Offset Plan"). The Offset Plan provided that, in the event of a dispute concerning offsets, the Receiver or offset claimant could file a petition with the Court of Chancery for a determination of the offset amount or other appropriate relief. On July 10, 2019, the Court of Chancery approved a stipulation between the Receiver and Protective Entities under which the Receiver agreed to certain offsets, but objected to others.

(5) On August 5, 2019, the Protective Entities filed a petition, which they amended on October 28, 2019 ("the Petition"), under the Offset Plan. In the Petition, the Protective Entities sought an order directing the Receiver to honor Scottish Re's obligations under the Settlement Agreement by allowing the Protective Entities to use a group offsetting methodology for calculating offsets. On December 13, 2019, the Receiver filed a motion to dismiss the Petition for failure to state a claim under Court of Chancery Rule 12(b)(6).

(6) On May 19, 2020, the Court of Chancery dismissed the petition. First, the Court of Chancery held that the Settlement Agreement did not create the mutuality required by 18 *Del. C.* § 5927 for offsets during rehabilitation or

4

liquidation proceedings.[3]   Second, the Court of Chancery concluded that the Settlement Agreement did not satisfy the single integrated transaction requirement for recoupment.[4]   Third, the Court of Chancery held that the Receiver was not obligated to accept or reject an executory contract before providing a final rehabilitation plan for approval.[5]

(7)    On June 30, 2020,[6] the Protective Entities filed an application for certification of an interlocutory appeal.   The Receiver took no position on the application.   On July 20, 2020, the Court of Chancery denied the application for certification.[7]

(8)    In denying the application for certification, the Court of Chancery found that the Order decided three issues (described in ¶ 6) of material importance.[8] As to the Rule 42(b)(iii) criteria, the Court of Chancery concluded that the three issues were a matter of first impression in Delaware (Rule 42(b)(iii)(A)).  In addition,

---

[3] *Id.* at *3-4.
[4] *Id.* at *5.
[5] *Id.* at *5-6.
[6] Under Supreme Court Rule 42, an application for certification of an interlocutory appeal must be filed within ten days of the entry of the interlocutory order and the notice of appeal must be filed in this Court within thirty days of the entry of the interlocutory order.  Supr. Ct. 42(c)(i), (d)(i).  Rule deadlines were extended under the judicial emergency declared by the Chief Justice in response to the COVID-19 pandemic.  Administrative Order No. 7 ¶ 7 (Del. June 5, 2020) (extending deadlines that expired between March 23, 2020 and June 30, 2020 through July 1, 2020), available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf.
[7] *In re Scottish Re (U.S.), Inc.*, 2020 WL 4048289 (Del. Ch. July 7, 2020).
[8] *Id.* at *4.

the first issue—the mutuality required by § 5927 for offsets—related to the construction or application of a statute that has not been settled by this Court (Rule 42(b)(iii)(C)).[9] Considering the most efficient and just schedule for resolving the case, the Court of Chancery noted that it would soon be considering the Receiver's proposed plan of rehabilitation.[10] The Court of Chancery recognized the possibility that the plan confirmation process could result in the parties settling their disputes (making appellate review unnecessary) as well as the possibility the Protective Entities or other objectors might wish to appeal different aspects of the final rehabilitation plan.[11] Given the possibility of piecemeal appeals in a complex insurance receivership proceeding, the Court of Chancery concluded that the balance of the likely benefits and probable costs of an interlocutory appeal was uncertain and required denial of the application for certification.[12]

(9)    The Protective Entities filed two appeals from the Order in this Court—interlocutory Appeal No. 217, 2020 and Appeal No. 218, 2020.    According to the Protective Entities, they filed two appeals from the same Order because there is limited guidance concerning whether the Order is interlocutory or final.  The Senior

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at *5.

6

Court Clerk issued a notice directing the Protective Entities to show cause why Appeal No. 218, 2020 should not be dismissed as interlocutory.

(10) In response to the notice to show cause, the Protective Entities argue that the Order is final because the dismissal of the petition for failure to state a claim under Rule 12(b)(6) was similar to the dismissal of a complaint, which is generally appealable as a final judgment. The Protective Entities acknowledge the conflicting case law in other jurisdictions regarding what constitutes an appealable final order under statutes similar to DUILA, but rely on language in the U.S. Supreme Court's recent decision in *Ritzen Group, Inc. v. Jackson Masonry, LLC*[13] to argue that the Order is final and appealable. In *Ritzen*, the U.S. Supreme Court recognized that "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case" and concluded that a bankruptcy court order conclusively denying a motion for relief from the automatic stay constitutes a final, appealable order.[14]

(11) At the Court's request, the Receiver filed a reply to the Protective Entities' response to the notice to show cause. The Receiver argues that the Order does not have the characteristics of a final order because it does not finally determine the Protective Entities' right to recover. The Receiver distinguishes the cases

---

[13] 140 S.Ct. 582 (2020)
[14] *Id.* at 586-92.

discussing statutory provisions similar to § 5902(e) that the Protective Entities relies upon.

(12) We first address whether the Order is final. If the Order is final, then it is unnecessary to address interlocutory Appeal No. 217, 2020 and that appeal will be dismissed. Under the DUILA, "[a]n appeal shall lie to the Supreme Court from an order granting or refusing rehabilitation, liquidation or conservation and from every order in delinquency proceedings having the character of a final order as to the particular portion of the proceedings embraced therein."[15]

(13) This Court has not addressed the meaning of an "order in delinquency proceedings having the character of a final order" under § 5902(e).[16] In other contexts, we have held that an order constitutes a final judgment when "it leaves nothing for future determination or consideration."[17] As the Protective Entities note, the dismissal of a complaint is generally appealable as a final order.[18]

(14) "Cases from other jurisdictions provide persuasive guidance about how to interpret the Insurers Liquidation Act."[19] The case law from other jurisdictions

---

[15] 18 *Del. C.* § 5902(e).

[16] In *Cohen v. State ex rel. Stewart*, we concluded that it was unnecessary to address whether three orders, which imposed sanctions for violation of an injunction, were appealable under § 5902(e) because we found those orders appealable under the collateral order doctrine. No. 545, 2013, Order ¶ 4 (Del. Nov. 12, 2013).

[17] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

[18] *Braddock v. Zimmerman*, 906 A.2d 776, 784 (Del. 2006).

[19] *Cohen v. State ex rel. Stewart*, 89 A.3d 65, 93 (Del. 2014).

8

addressing what constitutes a final order under statutes like § 5902(e) is limited and somewhat conflicting.[20] After considering those cases and the nature of the Order, we conclude that the Order does not have the characteristics of a final, appealable order under § 5902(e).

(15) The process leading to a court-approved rehabilitation plan remains ongoing. As the Court of Chancery noted in denying the application for certification of an interlocutory appeal, it is possible that the Protective Entities could recover on their unpaid claims as part of this process. The Protective Entities may also raise the issues decided in the Order (as well as other issues) in an appeal of the Court of Chancery's approval of a final rehabilitation plan. The Protective Entities' suggestion that the Order is analogous to the denial of a motion for relief from the automatic stay under the federal Bankruptcy Code is unpersuasive. The Order, which involved the application of state law and determined offset rights that would also be addressed in the final rehabilitation plan, is not analogous to a bankruptcy

---

[20] *Compare In re Pac. Marine Ins. Co. of Alaska in Liquidation*, 877 P.2d 264, 268 (Alaska 1994) (holding that no orders in a liquidation or receivership have the character of a final order until the receivership action is terminated or the trial court certifies the order under Rule 54(b)) *and PrimeHealth Corp. v. Ins. Comm'r of State*, 758 A.2d 539, 547-48 (Md. Ct. Spec. App. 2000) (describing process that leads to approved rehabilitation plan as one proceeding and finding that order authorizing the Insurance Commissioner as rehabilitator to withdraw HMO's demand for an administrative hearing was not a final, appealable order) *with Fewell v. Pickens*, 57 S.W.3d 144, 150-52 (Ark. 2001) (holding that trial court was not divested of subject matter jurisdiction to hear liquidation petition while an appeal was pending on the order appointing a receiver because the appeal provision of the Arkansas Uniform Insurers Liquidation Act contemplated that appeals would arise piecemeal).

9

court's ruling on a stay-relief motion, which the U.S. Supreme Court has described as occurring apart from proceedings on the merits of creditors' claims and apart from the adversary claims-adjudication process that is typically governed by state law.[21] We therefore conclude that the Order is interlocutory and that Appeal No. 218, 2020 must be dismissed.

(16)   Finally, we address whether interlocutory Appeal No. 217, 2020 should be accepted.   Applications for interlocutory review are addressed to the sound discretion of the Court.[22]  In the exercise of our discretion and giving great weight to the Court of Chancery's thoughtful analysis in denying the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[23] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[24]  We therefore refuse interlocutory Appeal No. 217, 2020.

NOW, THEREFORE, IT IS ORDERED that Appeal No. 218, 2020 is DISMISSED and interlocutory Appeal No. 217, 2020 is REFUSED.  The filing fee paid by the appellants shall be applied to any future appeal they file from an

---

[21] *Ritzen*, 140 S. Ct. at 589.

[22] Supr. Ct. R. 42(d)(v).
[23] Supr. Ct. R. 42(b)(ii).
[24] Supr. Ct. R. 42(b)(iii).

interlocutory appeal that is certified by the Court of Chancery or a final order entered in the case.

BY THE COURT:

/s/ Tamika R. Montgomery-Reeves
Justice

11